Roe & Kercheval *v.* Columbus Insurance Co.

17 301,
66a 164

ROE & KERCHEVAL, Appellants, *vs.* THE COLUMBUS INSURANCE COMPANY, Respondent.*

1. A policy of insurance contained this clause : " *Provided,* that the insurers shall not be liable for any partial loss, except in cases of general average, unless said loss amounts to ten per cent. on the agreed value in this policy, exclusive of all expenses of ascertaining and proving the same ; nor for damage or loss arising from or caused by the said steamboat being unduly laden ; *nor for any damage or loss arising from the bursting of boilers, collapsing of flues, or breaking of engines, unless from unavoidable external cause, or from any consequences resulting therefrom.*" *Held,* the exemption from liability for loss caused by the bursting of boilers, &c., extends to cases of *total* as well as of partial loss.

2. Where the boiler of a boat burst and tore away the stanchion supporting the upper deck, so that it fell down into the furnace and took fire, and the fire could not be checked, so that the boat had to be scuttled, *it was held,* that the bursting of the boiler was the immediate and proximate cause of the loss, and that it was within the exemption in the policy.

3. *Quære,* As to the true construction of the words, " or from any consequences resulting therefrom ?"

## *Appeal from St. Louis Circuit Court.*

This was an action upon a policy of insurance, upon an agreed statement of facts. The policy, after enumerating the perils insured against, among which is that of fire, contained the following clause : " *Provided,* that the insurers shall not be liable for any partial loss, except in cases of general average, unless said loss amounts to ten per cent. on the agreed

---

*This case was decided at the March term, 1851, but the publication of it in its proper place seems to have been omitted. Judges Napton, Ryland and Birch then filled the bench.

20—VOL. XVII.

value in this policy, exclusive of all expenses of ascertaining and proving the same; nor for damage or loss arising from or caused by the said steamboat being unduly laden, during the continuance of this policy; nor for any damage or loss arising from the bursting of boilers, collapsing of flues, or breaking of engines, unless from unavoidable external cause, or from any consequences resulting therefrom."

It was admitted that all the conditions of the policy had been complied with, so that the only question was, whether the loss was covered by the policy. The circumstances of the loss, as stated in the agreed case, are sufficiently developed in the opinion of the court, for an understanding of the points raised and decided.

*Josiah Spalding*, for appellants. *Fire*, in this case, was the proximate cause of the loss, and this was one of the perils insured against. 1 Phill. on Insurance (2 ed.) 690. Ib. 694. 12 East, 648. *Green* v. *Elmslie*, 3 Peake's N. P. 212. 11 Johns. Rep. 14. 11 Pet. Rep. 213. But even if the explosion is to be considered the efficient cause of the loss, the insurers are liable. 1. Because the exemption in the policy from liability for loss caused by the bursting of boilers is confined to partial losses. 9 *Mo.* Rep. 411. The clause in this policy is similar to the one in the policy in that case. 2. The true meaning of the proviso in question is, that the insurers are not liable for damage arising from bursting of boilers, unless such bursting is occasioned by external *violence*, or by *consequences* of such external violence. It does not exempt the insurers from the *consequences* of the bursting of boilers and breaking of engines. As the meaning is ambiguous, and the clause may be construed both ways, it is to be taken most strongly against the insurers. 11 Mo. Rep. 278. Hughes on Ins. 144–5. Park on Ins. 30. Smith's Mercantile Law, 412. 1 Duer on Ins. 161. 1 Burr. Rep. 341–8. 1 Sumner's Rep. 440.

*Crockett* and *Kasson*, for same.

*Hamilton R. Gamble*, for respondent. This case is clear-

ly distinguishable from that of *Glasgow* v. *Citizens' Insurance Company*, so that that case is no authority in this. This policy clearly exempts the underwriters from liability for the loss of the vessel, as it was a consequence of the bursting of the boiler. The stipulation in this policy is designed to go beyond and render inapplicable the law that looks to the proximate cause, as the one that determines the liability of the insurer. In its terms, it exonerates the insurer from liability for loss or damage " arising" from the bursting of boilers. This language requires us to look beyond the last agent in producing the loss, and ascertain whether it arose from the bursting of the boiler. But not content with this language, the insurer, intending to render the matter plain to any ordinary comprehension, has stipulated that he will not be responsible for " any of the consequences resulting" from the bursting of boilers. The interpretation sought to be given to these words by the appellants is forced, unnatural and absurd. The obvious meaning of the clause is, that the insurer is not to be held liable for any loss or damage arising directly from, or which is the consequence of the bursting of a boiler, breaking an engine, or collapsing a flue.

NAPTON, Judge, delivered the opinion of the court.

This was a policy of insurance upon the steamboat St. Joseph, and contained an enumeration of risks usual in river policies, among which was that of fire. There was also a proviso in the policy, that the insurers would not be liable " for any damage or loss arising from the bursting of boilers, collapsing of flues or breaking of engines, unless from unavoidable external cause, or from any consequences resulting therefrom." The loss sustained, according to the agreed case, was a total one. A boiler burst, whilst the boat was running, which drove out the adjacent boiler and tore away the stanchion supporting the upper deck, so that it fell down into the furnace and took fire. The fire could not be checked and the boat

was ultimately scuttled to save a portion of the cargo. The question is, whether this loss is covered by the policy.

In the case of the *Citizens'. Insurance Co.* v. *Glasgow, Shaw & Larkin*, 9 Mo. Rep. 418, the policy contained a proviso that the company would not be responsible for " the bursting of boilers or the breaking of engines, unless occasioned by external violence." It was not believed by the court, in that case, that the insurers designed, by that clause, to limit the perils insured against, but the only object supposed to be in view of the proviso was to exempt them from liability for partial losses, although exceeding ten per cent., when occasioned by the accidents mentioned. The clause was found in immediate connection with others which related exclusively to partial losses, and the proviso was couched in very vague and indefinite terms. The present case is distinguishable from that. The language employed is explicit and clearly excludes all questions of partial or total loss. An entire exemption from *all losses* arising from the bursting of boilers, except in specified cases, is secured in terms. The case of *Glasgow, Shaw & Larkin* v. *Citizens' Insurance Co.*, was decided in 1845, and the more pointed and specific terms of this policy may have been adopted with a view to take it out of the scope of that decision.

A more difficult question in this case arises from the fact, that the loss was directly occasioned by fire, and fire is a peril expressly insured against.

It is a well settled principle in the law of insurance, to look at the proximate and not the remote cause of a loss. This principle, though old enough to have passed into a maxim, is sometimes of exceedingly difficult practical application to given cases. The question usually is, whether the loss can be fairly attributed to the risk, and is occasioned by it, or whether it is merely a remote consequence. If, for example, a ship is insured against perils of the sea, but not against capture, and she meets with sea damage which checks her rate of sailing, in consequence of which she is captured, the loss is ascribed to

the capture and not to the sea damage. *Livie* v. *Janson*, 12 East, 648. So where a vessel was stranded by an unavoidable sea risk, and in that condition was set fire to by a company of French soldiers, the loss of the ship by such burning, would not be attributed to the sea risk, if, without the intervention of the fire, she could have been gotten out safely. *Patrick* v. *Com. Ins. Co.*, 11 John. Rep. 18.

In the case now under consideration, it may be doubted, whether the maxim " *causa proxima non remota specta-tur*" has any application. Fire was certainly the intermediate agent in destroying the boat, and so was water; but both these elements were set in active operation by the explosion. No time elapses between the happening of the two risks; it is a single and continuous event. Is the damage in such a case a remote consequence of the original peril, or is it not rather an immediate result, directly attributable to the bursting of the boiler?

It is, however, further contended on behalf of the Insurance Company, that the design of the clause in question, was not only to exempt the company from responsibility for the immediate and direct consequences of the perils excepted, but also from their remote consequences, thereby changing the rule of law on this subject. This inference is chiefly drawn from the language of the concluding clause of the sentence, " or from any consequences resulting therefrom." This clause immediately follows that in which external violence is mentioned as bringing the excepted risks again within the policy, and if we are to have exclusive regard to the principles upon which our language is constructed, must be considered as a modification of that clause. But this construction renders the phrase unmeaning, and if we are to give it any force at all, it must be read as though it preceded the clause relating to external violence, or as though that clause was thrown into a parenthesis. The whole proviso will then read thus : " Nor will the company be liable for any loss or damage arising from the bursting

of boilers, &c., or from any of the consequences resulting therefrom, unless," &c.

Adopting this as the true reading of the proviso in question, it does not necessarily follow that it was designed to include remote as well as direct and immediate consequences. Such a construction would have the effect to lift the policy from the boat, whenever such accidents occurred, whatever may have been the lapse of time and however numerous the subsequent perils. The point is one not necessary to be determined here. It is sufficient that the loss in this case is an immediate consequence of the bursting of the boiler, and fairly attributable to it, and therefore occasioned by an excepted peril. Judgment affirmed, Judges Ryland and Birch concurring.