HENRY F. BRIGGS et al., Appellants, *v.* THE NORTH AMERICAN AND MERCANTILE INSURANCE COMPANY, Respondent.

Defendant issued to plaintiffs a policy of fire insurance upon certain machinery used for rectifying spirits. The policy contained a clause excepting the company from liability for losses " caused by lightning or explosions of any kind unless fire ensues, and then for the loss or damage by fire only." Vapors from the works came in contact with the flame of a lamp, and an explosion ensued which nearly destroyed the building and machinery. A fire resulted, which occasioned some damage, but slight compared with that caused by the explosion. *Held*, that defendant was not liable for the loss occasioned by the explosion.

*It seems* that had the building been on fire, and in the course of the conflagration an explosion had occurred the rule might be different.

(Argued June 5, 1873; decided September 23, 1873.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, setting aside a verdict in favor of plaintiffs and granting a new trial.

The facts are sufficiently stated in the opinion.

*Thomas Corlett* for the appellants.   It was the fire that was the proximate cause of the explosion, and defendant is not protected by the clause in the policy in relation to explosions. (*City F. Ins. Co. of N. Y.* v. *Corlies*, 21 Wend., 367; *Grim* v. *Phœnix Ins. Co.*, 13 J. R., 451; *Waters* v. *Mer. Louisville Ins. Co.*, 11 Pet., 213; *Babcock* v. *Mont. Ins. Co.*, 4 N. Y., 326; *Scripture* v. *Lowell Mut. F. Ins. Co.*, 10 Cush. Mass., 356, 362; *Evans* v. *Col. Ins. Co.*, 44 N. Y., 146; *Gates* v. *Mut. Ins. Co.*, 5 id., 469; *Ins. Co.* v. *Tweed*, 7 Wal., 44; *St. John* v. *Am. Mut. F. and M. Ins. Co.*, 11 N. Y., 516; *Strong* v. *Sun Mut. Ins. Co.*, 31 id., 103.)   The policy must be construed upon the broadest principles of fair and liberal dealing.   (*Driggs* v. *Alb. Ins. Co.*, 10 Barb., 440, 444, and cases cited; *White* v. *Hud. R. Ins. Co.*, 15 How. Pr., 288; *Stanley* v. *West. Ins. Co.*, 3 Exch., 70.)

*John Ganson* for the respondent.   The policy only covers damages arising from actual burning and excludes all damages from the violence of the explosion.   (*Stanley* v. *West. Ins. Co.*, 3 Exch. [L. R.], 71.)   The cause of the first injury was the explosion of the vapor, and not fire within the meaning of the policy.   (*Millandon* v. *N. O. Ins. Co.*, 4 Louis. An. R., 15; *St. John* v. *Am. Mut. F. and M. Ins. Co.*, 1 Kern., 516, 531.)

Peckham, J.   The defendant insured the plaintiffs' property, certain machinery, etc., in a certain mill, against loss by fire, with this provision in the policy, viz.: " This com-

pany shall not be liable for loss caused by invasion, insurrection, riot, civil commotion, military or usurped power, nor for loss caused by lightning or explosions of any kind, unless fire ensues, and then for the loss or damage by fire only."

The plaintiffs were engaged in the business of rectifying spirits when this policy was issued to them. There was a small lamp standing in the building, brought there by persons repairing the machinery. The vapor from the works, which had not condensed, but had passed off into the building, filled the room where the burning lamp was, and when it came in contact with the lamp there was an instantaneous explosion. The explosion blew off the roof and blew down the chief part of the walls of the building, and greatly injured the machinery insured. Soon after the explosion a fire ensued from the flame coming in contact with the spirits in the rear of the building. The damage by the fire that ensued after the explosion was slight, compared to that caused by the explosion. The jury found the damages caused by each separately. The General Term granted a new trial, unless the plaintiffs deducted the damages caused by the explosion. From that order the plaintiffs appealed to this court, with the usual stipulation, insisting that they were entitled to recover the whole damages according to the verdict. The question, then, is whether the plaintiffs are entitled to recover for the damages caused by the explosion. It is not denied that this was an explosion. If it was in fact an explosion, then the policy provides that the defendant shall not be liable for damages caused thereby. The plaintiffs insist, however, that an explosion caused by fire is a fire, and therefore the defendant is liable for the explosion, as for a fire. But that reasoning gives no force to the exception. It allows a recovery for the explosion, when the policy expressly stipulates that the defendant will not be liable for that. It may be conceded that in the absence of this exception a recovery could have been had for the whole damage, as for a loss by fire. The authorities referred to by the plaintiffs' counsel tend to that result. I do not think that position

will aid the plaintiffs. An explosion, without this exception, if it come under the general head of fire, might have afforded ground for recovery, but the defendant guarded against that result by this express stipulation. The exception, too, is general, including explosions by fire as well as others.

There seems no reason for excluding an explosion like this from the exception. There was no fire prior to this explosion. The burning lamp was not a fire within the policy. The machinery was not on fire, as such a term is ordinarily used, until after the explosion. The explosion here was the principal and the fire the incident. In such a case there can be no doubt that the defendant is not liable for the damage caused by the explosion. Where, however, the explosion is the incident and the fire the principal, a different question would be presented. Had the building been on fire, and in the course of the general conflagration there had been an explosion of a boiler, which injured some machinery that the fire was rapidly consuming, different views and considerations might well obtain.

There are other exceptions in the policy which include cases of loss caused by fire where the defendant is not liable, though the exception by fire is not specially mentioned. Such are cases of loss caused by "invasion, insurrection, riot," etc. I can see no authority or reason for inserting an exception or a limit to the exception in this policy which the parties have left out.

The judgment should be affirmed and judgment absolute for plaintiffs for the amount of damage caused by the fire, as found by the jury, with costs to the defendant of this appeal.

All concur.

Judgment accordingly.