## Augusta Miller

v.

## London & Lancashire Fire Insurance Company.

*Fire Insurance Company—Policy—Conditions—Riot—Explosions.*

Where, in a given case, property is insured against fire but not against explosions, recovery may not be had for injury arising from an explosion, although the same was caused by a fire.

[Opinion filed November 2, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Appellant received from appellee a policy of insurance against fire upon a building owned by her in Chicago, which policy contained this provision:

"This company shall not be liable for loss caused directly or indirectly by riot, * * * or (unless fire ensues, and, in that event for the damage by fire only,) by explosion of any kind."

A mill adjacent to appellant's premises took fire, and shortly after, an explosion in the mill blew appellant's house off its foundations and almost completely ruined it; the wreck took fire from the mill, and the damage done by the fire after the explosion (it is agreed) amounted to $230.

Appellant having recovered a judgment for this sum has taken this appeal, insisting that she is entitled to receive the amount of damage done to the house by the explosion, as well as that which ensued to the wreck, by fire, after the explosion.

Messrs. Seth F. Crews and Ernest Dale Owen, for appellant.

Mr. Thomas Bates, for appellee.

WATERMAN, P. J.  It is quite manifest that there was no insurance against loss caused directly or indirectly by explosion.  What is insisted, is that the explosion having been caused by fire, the destruction of the house by the explosion was a damage by fire; in other words, that we are to attribute the injury not to the immediate cause, but to the cause of that cause.

While it is true that where no conditions to the contrary are imposed, the insurer is liable for goods stolen during reasonable attempt to remove them from a burning building, or damage by water in a reasonable attempt to extinguish the fire, the rule that to hold the insurer the fire must be the proximate cause of the loss, remains.  As was said by Byles, Jr., in Everett v. The London Assurance Co., 19 C. B. & N. S. 126, "If that was not so, and a ship was in the neighborhood of Vesuvius and was shaken by an explosion, that would be damage by fire; or if a gun was fired off loaded with small shot, among crockery, that would be damage by fire."  Somewhere we must cease in this class of cases to look for the cause of causes, else we may run back

> "To that primeval fire
> Which wrapt the earth ere life began."

In the present case the policy, although against loss by fire, contains a stipulation to the effect that the company will not be liable for loss caused directly or indirectly by explosion.  In the face of such condition what difference does it make whether the explosion was caused by fire, steam, gas or concussion?

In Wood on Fire Insurance, Sec. 104, it is declared to be the rule, that "If the injury is entirely due to concussion, the fact that the concussion was caused by fire does not make the fire the proximate cause of the loss; it is but the cause of the cause, the *causa remota* and not the cause *proxima*."

With the loss by fire which occurred after the explosion, we are not concerned; appellee makes no contention as to such loss; for that directly caused by the explosion before there was any fire in the insured premises the insurer, under the conditions of this policy, is not liable.  Caballero v. Home

Ins. Co., 15 La An. 217; Briggs v. North American Ins. Co., 53 N. Y. 446; U. S. Ins. Co. v. Foot, 22 Ohio St. 340; Insurance Co. v. Tweed, 7 Will. (U. S.) 44; Roe et al. v. Columbus Ins. Co., 17 Mo. 301; Montgomore v. Fireman's Ins. Co., 16 B. Monroe, 427; Stanley v. Western Ins. Co., L. R. 34, 71; St. John v. American Ins. Co., 11 N. Y. 516.

The judgment of the court below is affirmed.

*Judgment affirmed.*