## John F. Heuer
### v.
## The Westchester Fire Insurance Company.

*Fire Insurance—Policy—Conditions in—Construction of—Explosion —Striking Match.*

1. Insurance policies are to be reasonably interpreted.
2. An insurer, under a policy insuring against loss or damage by fire. is liable for only such loss as is the proximate result of a fire.
3. A loss or damage by fire necessarily includes not merely the injury done by the combustion, heat, smoke, and expansive effect of the fire. but also by any falling, displacement or change of quality thereby caused, as well as the injury done by water, or in removing goods or blowing up buildings in a *bona fide* attempt to extinguish or stay the fire.
4. Where, as a result of an explosion, fire ensues, the damage done by the fire is payable under the words of a policy exempting the company from liability for loss by explosion " unless fire ensues."
5. In an action brought to recover upon an insurance policy. the court holds that the clause therein under which defendant claimed exemption from liability, should be construed to read, " this company shall not be liable for loss or damage if caused by lightning or explosion of any kind, unless fire ensues, and then for the loss by fire only," and declines to interfere with the judgment for the defendant.

[Opinion filed May 31, 1892.]

Appeal from the Superior Court of Cook County; the Hon. G. H. Kettelle, Judge, presiding.

This was an action by appellant based upon a policy of insurance against loss or damage by fire " on stock of jewelry contained," etc.

The policy contained the following provisions :

" III. This company shall not be liable under this policy for loss or damage by fire in any of the following instances, viz.:

1. If caused directly or indirectly by means or in consequence of an invasion, insurrection, etc. * * *

2. If caused by lightning or explosion of any kind, unless fire ensues, and then for the loss by fire only.

3.   If the building herein described, or any part thereof, fall, except the fall is the result of fire."

The case was tried upon the following admission :

"The defendant will admit, for the purpose of this case, the fact to be that at seven o'clock on the morning of the 13th of September, 1889, there was an explosion occurred in the basement of the building mentioned in this policy, by which the damage to the property claimed for occurred; that this explosion was produced by the lighting of a match in the basement, which was, at that time, filled full of illuminating gas, and that the damage was a damage by the explosion produced in this manner, but was not a damage produced by the burning of the property insured; that the illuminating gas was accidentally ignited by the flame from said lighted match, and said illuminating gas burned and instantaneously produced this explosion, and that the ignition of the match and gas in the basement was immediately followed by a lo id report and explosion; that this said explosion so caused, caused the falling of the floor of the store, and that caused the damage to the goods, and that there was no damage to the goods by the actual burning of the goods."

The court instructed the jury to find for the defendant; from the judgment thereafter rendered the insured prosecutes this appeal.


Messrs. RUBENS & MOTT, for appellant.

The defendant contends that this was a loss by an explosion, and that its policy exempts it from liability in such case.

The authorities are conflicting, and the question has never been passed upon in this State, except in the Augusta Miller case, decided at the last term of this court.   In that case the peculiar wording of the exempting clause admits of no other construction.   In Ins. Co. v. Robinson, *supra*, the court refused to pass upon the effect of such a clause.

The appellant claims, notwithstanding any possible interpretation that may be given to the policy, that the loss was a loss by fire and not a loss by explosion.

In Wood on Fire Ins., Vol. 1, Sec. 104, the rule is thus stated: " There must be an accident by fire to lay the foundation of a claim. By this it is not meant that the property itself must have been on fire, but that there must have been either an ignition of the property itself, or of other substances or property near to it, which was the proximate cause of the loss. This rule does not require that the property itself should have been burned by the fire, or even injured directly by fire at all, but simply that fire must have been the proximate cause of the injury. Thus an injury to buildings by lightning, when actual ignition does not transpire, is not within the loss covered by ordinary policies; and the same is true of a building or property destroyed by an explosion from gunpowder, steam-boilers, or from any cause when actual ignition does not transpire, unless the explosion itself was occasioned by an accidental burning or fire."

The text as to proximate cause is sustained by the highest authority, and the distinctions between proximate and remote causes have been applied with great nicety to insurance cases.

" The maxim *causa proxima spectatur* affords no help in these cases, but is, in fact, fallacious; for if two causes conspire, and one must be chosen, the more scientific inquiry seems to be, whether one is not the efficient cause, and the other merely instrumental or merely incidental, and not which is nearer in place or time to the consummation of the catastrophe." Phillips on Ins., Sec. 1097.

" In case of the concurrence of different causes, to one of which it is necessary to attribute the loss, it is to be attributed to the efficient predominating peril, whether it is or is not in activity at the consummation of the disaster." Ibid, Sec. 1132.

" That which is the actual cause of the loss, whether operating directly or by putting intervening agencies, the operation of which could not be reasonably avoided, in motion, by which the loss is produced, is the cause to which such loss should be attributed." Brady v. Ins. Co., 11 Mich. 425.

In Gordon v. Rimmington, 1 Camp. 123, it was held that, when the captain of a ship insured against fire burned her to prevent her falling into the hands of the enemy, it was a loss by fire within the meaning of the policy, although policies of insurance do not protect against the voluntary destruction of the insured property. It was because the fire was caused by the public enemy. The act of the captain was the nearest in point of time, but the danger of capture by the public enemy was regarded as the dominant cause.

So held where insured money was thrown overboard to prevent it falling into the hands of the enemy. Butler v. Wildman, 3 B. & Ald. 398.

A traveler was injured by leaping from his carriage, exercising ordinary care and prudence, in consequence of a near approach to a defect in the highway, and the town was held liable, though the carriage did not come to the defect. The defect was regarded as the actual, the dominating cause. Lund v. Tyngsboros, 11 Cush. 563.

In Insurance Co. v. Tweed, 7 Wall. (U. S.) 44, the policy was conditioned against loss by fire caused by an explosion. A boiler exploded and set fire to the building in which it was contained; the fire spread to the adjoining building, and from there to the building containing the insured property. There was a strong wind blowing at the time, which carried the fire, but the court held that "the whole fire was a continuous affair from the explosion, and under full headway in about half an hour. * * * One of the most valuable of the *criteria* furnished us by the authorities, is to ascertain whether any new cause has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened of itself, sufficient to stand as the cause of the misfortune, the other must be considered as too remote."

The court exempted the company from liability on the ground that the explosion of the boiler was the proximate cause of the fire.

If in that case it was proper to go back of the fire, the peril insured against, to ascribe the loss to a cause for the fire which was exempted, surely in the case at bar the court

should go back of the explosion to the fire which was its cause, and against the peril of which the policy was issued.

This doctrine of causes has been applied to insurance losses in which explosions were a prominent feature.

As to cases in which there was no provision exempting loss or damage by explosion, see Scripture v. Lowell, etc., Ins. Co., 10 Cush. 356; Renshaw v. Ins. Co., 15 S. W. Rep. (Mo.) 945; Hobbs v. Ins. Co., 12 Can. Sup. Ct. 631; Renshaw v. Ins. Co., 33 Mo. App. 394; Waters v. Ins. Co., 11 Peters, 213; Insurance Co. v. Corlies, 21 Wend. 367.

Messrs. Bates & Harding, for appellee.

Our own Supreme Court, in the case of Commercial Ins. Co. v. Robinson, 64 Ill. 267, has clearly decided this case in our favor. It was there contended by the insurance company, under an explosion clause, that it was not liable for a loss by fire which occurred after an explosion. And while the court does not go so far as that, yet they very clearly and fully decide that under this clause a company is not liable for the loss caused by the explosion. And the court says of this condition, that "It secures exemption from liability for losses caused by explosion, but not from liability for losses by fire caused by explosion."

That is exactly our contention. Had appellant's goods taken fire after the explosion and burned up, we should be liable for the damage by fire as provided in the policy; but in our case there was no fire which touched appellant's insured goods, either before or after the explosion.

In that case our Supreme Court further say: "The clause was designed to apply to all cases where the explosion was the immediate cause of the loss. Suppose fire is carelessly applied to powder or other explosive substance, an explosion follows, which rends furniture and building. This explosion is the result of the ignition of the explosive material, and it might be claimed that the loss caused thereby was a loss caused by fire. The courts might not so hold independently of the clause in the policy, but we can well understand, when we examine these policies, that the insurers

may have introduced this clause for the purpose of leaving
no room for argument or doubt."

That is exactly what we did.   This company inserted that
clause in this policy for the express " purpose of leaving no
room for argument or doubt."   Appellee might well believe
that where the insured property was blown up by an ex-
plosion, but not in any manner damaged by fire, that even
without this exempting clause the courts would not hold it
liable under a fire policy, but that limitation was inserted
for no other reason except that of leaving no room what-
ever for argument or doubt.

In the case of Augusta Miller v. The London and Lanca-
shire Ins. Co., 41 Ill. App. 395, exactly the same questions
were present as are presented in this case, under a condition
almost identical with this, in that an explosion occurred in
the Oliver oatmeal mill, which blew down appellant's house,
which afterward took fire.   The insurance company admit-
ted its liability for the loss by fire, but denied it was liable
for the loss caused by the explosion.   Appellant's attorneys
in that case took the same position as that taken by appel-
lant here, and this court, by his honor, Judge Waterman,
in the opinion, states the law as follows :

" A mill adjacent to appellant's premises took fire, and
shortly after an explosion in the mill blew appellant's house
off its foundations and almost completely ruined it.   The
wreck took fire from the mill, and the damage done by
the fire after the explosion (it is agreed) amounted to $230.

" Appellant having recovered a judgment for this sum,
has taken this appeal, insisting that she is entitled to
receive the amount of damage done to the house by the
explosion, as well as that which ensued to the wreck by
fire, after the explosion.   It is quite manifest that there was
no insurance against loss caused directly or indirectly by
explosion.   What is insisted is, that the explosion having
been caused by fire, the destruction of the house by the
explosion was a damage by fire—in other words, that we
are to attribute the injury not to the immediate cause, but
to the cause of that cause."

      *      *      *      *      *      *      *

" In the present case the policy, although against loss by fire, contains a stipulation to the effect that the company will not be liable for loss caused directly or indirectly by explosion. In the face of such condition what difference does it make whether the explosion was caused by fire, steam, gas or concussion ? "

" In Wood on Fire Ins., Sec. 104, it is declared to be the rule that ' if the injury is entirely due to concussion the fact that the concussion was caused by fire does not make the fire the proximate cause of the loss; it is but the cause of the cause—the *causa remota* and not the *causa proxima.*'

" With the loss by fire, which occurred after the explosion, we are not concerned; appellee makes no contention as to such loss; for that directly caused by the explosion before there was any fire in the insured premises the insurer, under the conditions of this policy, is not liable." Citing Caballero v. Home Ins. Co., 15 La. An. 217; Briggs v. N. A. Ins. Co., 53 N. Y. 446; U. S. Ins. Co. v. Foot, 22 Ohio St. 340; Ins. Co. v. Tweed, 7 Wall. (U. S.) 44; Roe et al. v. Columbus Ins. Co., 17 Mo. 301; Montgomery v. Firemen's Fund Ins. Co., 16 B. Monroe, 427; Stanley v. Western Ins. Co., L. R. 34, 71; St. John v. American Ins. Co., 11 N. Y. 516.

Waterman, P. J.  Insurance policies, while to be taken most strongly against the party by whom they are made, are to be reasonably interpreted.

A loss or damage by fire necessarily includes, not merely the injury done by the combustion, heat, smoke, and expansive effect of the fire, but also by any falling, displacement or change of quality thereby caused, as well as the injury done by water or in removing goods, or blowing up buildings in a *bona fide* attempt to extinguish, or stay the fire.

All the authorities agree that the insurer, under a policy insuring against loss or damage by fire, is liable only for such loss as is the proximate result of a fire. What then, within the meaning of such a policy, is a fire, and what loss is a proximate result thereof ?

In Scripture v. Lowell, 10 Cush. 356, the son of the

plaintiff, without the knowledge of his father, carried a keg of gunpowder into the house and placed a lighted match therein; this caused an explosion of the powder, blowing off the roof of the house and setting fire to bedding, etc. The insurer, under a policy insuring against loss or damage by fire, was held liable for the loss caused by the explosion, as well as that done by the fire it produced. In Hobbs v. Guardian, 12 Can. Sup. Ct. 631, under similar circumstances, the insured was held liable for the loss arising from the explosion as well as the ensuing fire; there were, however, in the last mentioned case, certain statutory provisions entering into the contract, and some of the judges regard these as fixing the liability of the company for the entire loss. In Waters v. Ins. Co., 11 Peters, 213, the court said: "If the explosion was caused by fire, the latter was the proximate cause of the loss." In Renshaw v. The Firemen's Insurance Co., 33 Mo. App. 394, the court says that it is not prepared to hold that when the policy insures against fire *originating in any cause*, a loss caused by the ignition of an explosive substance by an innocent fire is not within the risks covered by the policy, but that it was unnecessary to decide the point.

In Renshaw v. Missouri, 158 W. Rep. 945, the court held that a damage from explosion was covered by the policy, though it was the result of an innocent fire coming in contact with inflammable gas or vapor. In none of these cases did the policy contain any clause exempting the insurer from loss caused by explosion.

In Everett v. The London Assurance Co., 19 C. B. N. S. 126, it was held that damage caused by the concussion produced by the explosion of gunpowder was not within the terms of a policy against loss by fire. Caballero v. Home Ins. Co., 15 La. An. 217, is to the same effect. In each of these cases the explosion occurred on premises other than those insured. In Briggs v. N. A. & M. Ins. Co., 53 N. Y. 446, it appears that an explosion had been caused by explosive vapor coming in contact with the flame of a lamp. The policy provided that the company should not be liable

" for loss caused by explosion of any kind unless fire ensues, and then for the loss by fire only." The company was held not liable for the loss caused alone by the explosion. In Ins. Co. v. Foote, 22 Ohio State, 340, where a gas jet ignited gas and caused an explosion, the court held that the burning of the gas jet was not such a fire as was contemplated by the parties as the peril insured against. The case of the Boatmen's Fire & Marine Insurance Co. v. Parker, 23 Ohio Stat., 85, is not inconsistent with that of Ins. Co. v. Foote, *supra;* on the contrary, the court, for the loss arising from an explosion caused by an innocent fire, held the company not liable, while for the loss ensuing from the fire produced by the explosion, the company was made to respond. Ins. Co. v. Tweed, 7 Wall. (U. S.) 44; Roe v. Columbus Ins. Co., 17 Mo. 301; Montgomery v. Firemen's Fund Ins. Co., 16 B. Mon. 427; St. John v. American Ins. Co., 11 N. Y. 516; Wood on Fire Ins., Sec. 104, and Miller v. London & Lancashire Ins. Co., 41 Ill. App. 395, are in harmony with the case of Briggs v. Ins. Co., *supra.*

Where, as a result of an explosion, fire ensues, the damage done by the fire is clearly within the words of such a policy; but it may well be questioned whether, where the only fire preceding the explosion is that of an innocently and intentionally lighted match, and the only damage done is by the concussion of the explosion, the fire of the match is within the meaning of the words " loss or damage by fire; " that is, whether in such case the fire of the match is such a fire as is contemplated by the policy.

In the present case, the reasonable meaning of the policy is, that the company was not liable for loss or damage caused by lightning or explosion of any kind, unless fire ensued, and then for the loss by fire only. The contention of appellants, that the words " by fire " must be joined on to and made to qualify the second exception, not only produced a jumble of words, but leads to the absurd result that under a provision, manifestly intended to exempt the company from liability for loss from explosion, yet at the same time to leave it responsible for loss from fire ensuing

upon the explosion; it is exempted from liability from fire if caused by lightning or explosion of any kind. Such would not be a reasonable interpretation of the policy.

We can not think that it was intended that this policy should be read, "This company shall not be liable for loss or damage by fire if caused by lightning or explosion of any kind unless fire ensues, and then for the loss by fire only," but that the intention was to read it, "This company shall not be liable for loss or damage if caused by lightning or explosion of any kind unless fire ensues, and then for the loss by fire only."

The judgment of the Superior Court is therefore affirmed.

*Judgment affirmed.*


JOHN F. HEUER, appellant, v. NORTHWESTERN NATIONAL INS. CO., appellee.—This case being entirely similar to the preceding, the judgment in it is affirmed.