FRANK HUSTACE et al., Respondents, *v.* PHENIX INSURANCE COMPANY OF BROOKLYN, Appellant.

INSURANCE (FIRE) — INSURER NOT LIABLE FOR LOSS OCCASIONED BY EXPLOSION IN A NEIGHBORING BUILDING CAUSED BY FIRE.  A standard policy of fire insurance of this state insuring "against all direct loss or damage by fire except as hereinafter provided for," and providing that "this company shall not be liable for loss caused directly or indirectly by invasion; * * * or (unless fire ensues, and in that event for damage by fire only) by explosion of any kind," relieves the company from liability for all loss caused directly or indirectly by explosion of any kind and necessarily, therefore, from a loss by concussion caused by an explosion in a neighboring building whether the explosion be brought about by a lighted match, a fire or other cause.

*Hustace* v. *Phenix Ins. Co.*, 71 App. Div. 309, reversed.

(Argued May 5, 1903; decided June 9, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1902, upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Michael H. Cardozo* for appellant.    Under the New York standard fire insurance policy the insurer is not liable for loss or damage to a building caused by explosion. (*St. John* v. *A. M. F. & M. Ins. Co.*, 11 N. Y. 516 ; *Briggs* v. *N. A. Ins. Co.*, 53 N. Y. 446 ; *Miller* v. *L. & L. F. Ins. Co.*, 41 Ill. App. 395 ; *G. F. Ins. Co.* v. *Roost*, 26 Ins. L. J. 699 ; *U. L. F. & M. Ins. Co.* v. *Foote*, 22 Ohio St. 340 ; *Heuer* v. *N. W. Nat. Ins. Co.*, 144 Ill. 393 ; *P. Ins. Co.* v. *Greer*, 33 S. W. Rep. 840 ; *Stanley* v. *W. Ins. Co.*, L. R. [3 Exch.] 71 ; *Mitchell* v. *P. Ins. Co.*, 183 U. S. 42.)  The explosion, and not the fire in the Tarrant building, was the proximate and direct cause of the plaintiff's damage, and, hence, the defendant is not liable. (*Briggs* v. *Ins. Co.*, 53 N. Y. 446 ; *N. Y. E. Co.* v. *T. Ins. Co.*, 132 Mass. 377 ; *Ins. Co.* v. *Transp. Co.*, 12 Wall. 194; *Cabellero* v. *H. M. Ins. Co.*, 15 La. Ann. 217 ; 1 Wood on Fire Ins. 245 ; *Marsden* v. *C. & C. Assur. Co.*, L. R. [1 C. P.] 232 ; *Insurance Co.* v. *Dorsey*, 56 Md. 70 ; 3 Joyce on Ins. 2709, § 2772; 2 Biddle on Ins. 768, 770, 772; *Hoffman* v. *King*, 160 N. Y. 618; *Ryder* v. *S. R. T. Ry. Co.*, 171 N. Y. 139; *Seifter* v. *B. H. R. R. Co.*, 169 N. Y. 254; *Laidlaw* v. *Sage*, 158 N. Y. 73.)  The plaintiffs' building fell, not as the result of fire, and with such fall the defendant ceased to be liable on its policy. ( *W. A. Co.* v. *Mohlman*, 83 Fed. Rep. 811 ; *Kiesel* v. *S. Ins. Office*, 88 Fed. Rep. 243.)  The fire which ensued in the ruins after the plaintiffs' building had become a total loss by reason, of the explosion in the Tarrant building caused no damage to the insured property, and, therefore, the defendant is not liable for such loss. (*Corbett* v. *S. G. Ins. Co.*, 155 N. Y. 389 ; Elliott on Ins. § 234.)

*William H. Sage* for respondent.    The fire in the Tarrant building was, in legal effect, the proximate cause of the plaintiffs' loss, and the defendant company is liable under the

policy. (*Brady* v. *N. W. Ins. Co.*, 11 Mich. 445 ; *L. G. & El. Co.* v. *M. F. Ins. Co.*, 158 Mass. 570 ; *Scripture* v. *L. M. F. Ins. Co.*, 10 Cush. 356 ; *Napeman* v. *F. Ins. Co.*, 126 Mich. 191 ; *Q. Ins. Co.* v. *H. Co.*, 8 Ind. App. 22 ; *Ins. Co.* v. *Transp. Co.*, 12 Wall. 194 ; *Tilton* v. *H. F. Ins. Co.*, 1 Bosw. 367 ; Wood on Fire Ins. [2d ed.] 258 ; *Rann* v. *H. Ins. Co.*, 59 N. Y. 387 ; *Herman* v. *M. Ins. Co.*, 81 N. Y. 184 ; *Washburn* v. *M. V. Ins. Co.*, 2 Flipp. [U. S.] 664.) The stipulation that the defendant should not be liable for loss caused by " explosion of any kind," cannot refer to an explosion occurring as an incident of a fire. The fire and not the explosion is the cause of the loss. (*Briggs* v. *N. A. M. Ins. Co.*, 53 N. Y. 446 ; *Huer* v. *N. W. M. Ins. Co.*, 144 Ill. 393 ; *Washburn* v. *W. Ins. Co.*, 9 Ins. L. J. 424 ; *Dows* v. *F. H. Ins. Co.*, 127 Mass. 346 ; *T. F. Ins. Co.* v. *Dorsey*, 56 Md. 70 ; *Hobbs* v. *N. Ins. Co.*, 12 Can. Sup. Ct. 631 ; *Waldeck* v. *S. F. M. & L. Ins. Co.*, 14 W. Va. 33 ; *Cabellero* v. *H. M. Ins. Co.*, 5 La. Ann. 217.) Irrespective of any question of proximate or remote cause, liability for the damage resulting from an explosion caused by fire was within the intention of the parties upon a correct construction of the policy. (*Renshaw* v. *Ins. Co.*, 103 Mo. 595 ; *Washburn* v. *M. V. Ins. Co.*, 2 Flipp. [U. S.] 664 ; *Minis* v. *U. S.*, 15 Pet. 445 ; *U. S.* v. *Cook*, 17 Wall. 177 ; *Mitchell* v. *P. Ins. Co.*, 183 U. S. 42 ; *C. Ins. Co.* v. *Robinson*, 64 Ill. 265 ; *Virginia* v. *Tennessee*, 148 U. S. 519 ; *Neal* v. *Clark*, 95 U. S. 709 ; *Barlow* v. *U. S.*, 7 Pet. 411 ; *Hall* v. *U. S.*, 9 Ct. of Cl. 273.) The provision in the policy that " if a building fall, except as the result of fire, all insurance shall cease," does not relieve defendant. The fall was the result of fire. (*Ermentrout* v. *G. F. & M. Ins. Co.*, 63 Minn. 305 ; *Johnson* v. *West of Scotland Ins. Co.*, 7 Ct. Sess. Cas. 52 ; *Dows* v. *F. H. Ins. Co.*, 127 Mass. 346 ; *Leonard* v. *O. Ins. Co.*, 109 Fed. Rep. 286.)

PARKER, Ch. J.   The Tarrant building on the northwest corner of Warren and Greenwich streets, New York, began

to burn at 12 : 15 p. m., October 19, 1900.   It was occupied by dealers in drugs and chemicals.   Within 30 minutes after the fire started a terrific explosion took place in that building caused by the ignition of such chemicals and drugs, which wrecked it and other buildings, including the buildings between the Tarrant building and that of plaintiffs.   The latter, known as 275 Washington street, was separated from the Tarrant building by an alleyway 8 feet wide, and two buildings, the total distance between the Tarrant building and that of plaintiffs being 56 feet 11 inches.   As the effect of the concussion, the plaintiffs' building fell and, in the language of the stipulation, " became a total loss, and thereafter nothing remained of said building but the ruins thereof."   Prior to such destruction of plaintiffs' building there was no fire there, and no damage thereto had been caused by the fire.   The value at the time of its destruction, as fixed by the agreed statement of facts in this case, was $4,750, and for that sum plaintiffs have secured judgment against defendant under a fire insurance policy.   The question is whether the judgment can stand.

It is true that after the building had fallen and had become, in the language of the stipulation, " a total loss," the debris was consumed by the fire which originated in the Tarrant building.   But plaintiffs do not claim to recover for such burning.   If they did it would be necessary for this court to consider the effect upon the situation of the provision of the policy that " If a building or any part thereof fall except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."   The bearing of this clause of the policy is apparent when we recall that according to stipulation plaintiffs' building had not been damaged by fire nor was it on fire prior to its falling.   The question would of course be presented whether the policy did not cease upon the collapse of the building.   And again, within the language of the stipulation, the fire which afterward reached the building caused no damage, for the stipulation is that the explosion " caused said building to fall and become a total loss," a

phrase which has a well-understood meaning in matters relating to fire insurance.

This judgment necessarily rests upon the view that under the policy issued by defendant there may be a recovery for destruction by explosion occurring in another property provided the explosion would not have happened but for the existence of fire in such other property.

Now having presented the situation, we turn to the policy of insurance by which the rights of the respective parties are to be determined.

It is a standard policy, the provisions of which have been formulated pursuant to legislative authority, with the intention of creating a plain and unambiguous contract, which should be just to both insured and insurer. The special provisions applicable to this situation are (1) the insurance clause by which the company undertakes to insure " against all direct loss or damage by fire except as hereinafter provided for; " and (2) the following: " This company shall not be liable for loss caused directly or indirectly by invasion; insurrection; riot; civil war or commotion; military or usurped power; or by order of any civil authority; or by theft; or by negligence of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by a fire in neighboring premises; or (unless fire ensues, and in that event for damage by fire only) by explosion of any kind; or lightning, but liability for direct damage by lightning may be assumed by specific agreement hereon."

Now this building was destroyed by explosion of some kind; and inasmuch as the policy expressly provides that "this company shall not be liable for loss caused directly or indirectly * * * by explosion of any kind " " unless fire ensues, and in that event for the damage by fire only," it would seem as if — reading this provision of the contract according to the rule laid down by this court in *Schoonmaker* v. *Hoyt* (148 N. Y. 425), Judge MARTIN writing: " Contracts and statutes are to be read and understood according to the

natural and obvious import of the language without resorting
to subtle and forced construction for the purpose of either
limiting or extending their operation. Courts may not cor-
rect suspected errors, omissions or defects, or by construction
vary the contract of the parties"— the conclusion would be
reached that an explosion on other premises which produced
such a violent concussion as to destroy a building 57 feet dis-
tant, would be plainly within the terms of such provision of
the policy.

Plaintiffs contend that the language employed indicates
that the exemption was not intended to apply to an explosion
caused by a preceding fire, whether in distant premises or
not, and argues that if the legislature had intended to exempt
from explosion whether caused by fire or not, it would have
omitted the words "unless fire ensues," etc., and merely said
that the company "shall not be liable for loss sustained
directly or indirectly by explosion of any kind." Thus
according to their view the clause should be construed as if it
read : "or (unless fire ensues, and in that event for the dam-
age by fire only) by explosion of any kind, *excepting explosion
caused by fire.*"

Such a clause should not of course be read into a contract
that is plain and unambiguous, particularly when it has been
framed pursuant to a direction of the legislature, and when
necessarily care has been observed to select language which
should aptly express the scope of the contract, as well as the
limitations upon the liability of the insurer.

The occasion for the insertion of this exemption clause in
the standard policy was found in the decisions of the courts
holding the insurer liable for loss caused indirectly by
invasion, insurrection, riot, etc., for loss by order of civil
authority directing that a building be blown up to stop the
spread of a fire, for loss by theft, by lightning, and in some
jurisdictions for loss by explosion.

In view of these authorities the insertion of this exemption
provision must have been for the purpose of overcoming the
decisions. And fire insurance companies had the right to

limit their risks to loss or damage by fire direct if they so chose rather than against damage by riot, theft, explosion, lightning and all other causes by which property could be accidentally destroyed.

It should be noted that the insuring clause is "against all direct loss or damage by fire except as hereinafter provided for." Plaintiffs argue that this phrase does not convey the same meaning as would a phrase "against all loss or damage by fire direct;" and their argument is that the adjective "direct" refers to and qualifies the noun "loss" and not the noun "fire." It would seem as if the adjective "direct" in the connection in which it is employed qualifies not alone "loss" but also "damage by fire," and hence the phrase has precisely the same meaning as if the insurance was "against loss or damage by fire direct." And to meet situations where an explosion might occur it provided against liability unless fire ensued and in that event for the damage occasioned by the fire and not for damage resulting from the explosion.

This provision of the contract is in substantially the same language and has precisely the same meaning as a clause in an insurance contract that was before this court in *Briggs* v. *N. A. & M. Ins. Co.* (53 N. Y. 446). That policy contained this provision: "This company shall not be liable for loss caused by invasion, insurrection, riot, civil commotion, military or usurped power, nor for loss caused by lightning *or explosions of any kind unless fire ensues and then for the loss or damage by fire only.*" The building insured was used in rectifying spirits. A person repairing the machinery brought in a lamp. The vapor coming into contact with the burning lamp resulted in an explosion which did great damage. Fire resulted from the explosion but the damage by fire was slight as compared with that caused by the explosion. Under the direction of the court the jury found separately the damages caused by the explosion and the fire. The General Term granted a new trial unless plaintiff deducted the damages caused by the explosion. This court affirmed the judgment of the General Term, holding that plaintiff was

not entitled to recover for the explosion, and it said : " If it was in fact an explosion, then the policy provides that defendant shall not be liable for damages caused thereby. The plaintiffs insist, however, that an explosion caused by a fire is a fire, and, therefore, defendant is liable for the explosion as for a fire. But that reasoning gives no force to the exception. It allows a recovery for the explosion when the policy expressly stipulates that the defendant will not be liable for that. It may be conceded that in the absence of this exception a recovery could have been had for the whole damage as for loss by fire. The authorities referred to by the plaintiffs' counsel tend to that result. I do not think that position will aid the plaintiffs. An explosion without this exception, if it came under the general head of fire, might have afforded ground for recovery, but defendant guarded against · that result by this express stipulation. The exception, too, is general, including explosions by fire as well as others."

As will be seen by comparison of the exemption clause in that policy with the one under consideration, that decision, as well as the argument of the court, in which all concurred, is equally applicable to the clause in this policy and to this situation.

The *Briggs* case is the only authority in this court precisely in point as to the construction to be given to this exemption clause, and in that case the fire followed the explosion ; but the court said of the exemption clause that it included explosions caused by fire as well as others.

In an earlier case (*St. John* v. *Am. Mut. Fire & Marine Ins. Co.*, 11 N. Y. 516) the policy contained a condition that the insurer would not be liable for any loss occasioned by the explosion of a steam boiler. A steam boiler in use in the building exploded, whereby the fire was brought in contact with and consumed the property. This court held that the loss was within the exception created by the condition, and hence there could be no recovery. In the opinion it was said : " When, therefore, this policy proceeds to declare that the defendants will not be liable for any loss occasioned by the

explosion of a steam boiler it refers *prima facie* to such a loss as by the prior provisions of the contract the defendants would be bound to indemnify against, and not to one which would not be embraced in the general terms of the policy, and as to which there was no occasion to note an exception."

In *Miller* v. *Lond. & Lan. Ins. Co.* (41 Ill. App. 395) a case very much like this one was decided. The exemption clause in the policy contained the same language as this one, and the fire preceded the explosion. The plaintiff's premises adjoined a mill which took fire and shortly after exploded, blowing the plaintiff's house off of its foundation and almost ruining it. It was held that the plaintiff could not recover.

In *German Fire Ins. Co.* v. *Roost*, decided by the Supreme Court of Ohio (26 Ins. L. J., N. S. 699), a powder house situated across the street from plaintiff's house was struck by lightning and an explosion occurred. Plaintiff's house was totally destroyed. The policy contained a provision that " this insurance does not apply to or cover   *   *   *   any loss by explosion, unless fire ensues, and then the loss or damage by fire only." The policy had attached thereto a special clause providing against any loss or damage caused by lightning. It was held that plaintiff could not recover ; and the court said : " That destruction by explosion of a house 71 feet away from one struck by lightning should be deemed a natural result of the lightning is at least a doubtful proposition. But, be that as it may, when there follows in a policy, after a lightning clause, a provision which distinctly excludes liability for loss by explosion, it appears plain that, within the contemplation of the parties, at the time of the making of the contract, a loss by explosion could not have been understood to be embraced within the protection of the policy.   *   *   *   In no case which has come within our observation, and we have examined a great many, has a liability been found to attach where there was a provision excluding liability for loss by explosion, and the loss was caused by fire, or, as here, by lightning, taking effect in a distant building, and the damage being wrought to the insured

property by an explosion produced by the fire or the lightning, without either of the latter agencies coming in contact with the insured property."

In *Heuer* v. *N. W. Nat. Ins. Co.* (144 Ill. 393) an explosion was produced by the lighting of a match in a basement filled with illuminating gas. Goods insured were damaged, but not by burning. The policy contained an explosion clause similar to that of the standard policy and it was held the plaintiff could not recover, the court saying : " Here, the goods insured were not brought in contact with the fire produced by the lighting of the match, but with the explosive power of a fireless concussion, which caused the floor of the store, in which they were situated, to fall, and thereby occasioned the injury."

In *Stanley* v. *Western Ins. Co.* (L. R. [3 Exch.] 71) the plaintiff carried on in the insured premises the business of extracting oil from shoddy. An inflammable and explosive vapor evolved in the course of the process escaped and caught fire, setting fire to other things. It afterward exploded and caused a further fire, beside doing damage by the explosion. The policy contained a clause that the company would not " be responsible for loss or damage by explosion except for such loss or damage as shall arise from explosion by gas." It was held that the company was not liable.

There are authorities that both in reasoning and decision tend otherwise, but attention is not called to them in detail because the position of this court as to that question is settled. Our object in calling attention to a few of the authorities in other jurisdictions has been to show that this court is not alone in the position taken.

Counsel for plaintiffs insists that the wreck of plaintiffs' building by the explosion in the Tarrant building was direct loss or damage by fire within the meaning of the policy, and that the situation calls for precisely the same disposition as if the question was presented in an action upon a policy covering the Tarrant building, where the fire had been raging for something like thirty minutes before the explosion.

He quotes from the opinion of the court in *Heffron* v.

*Ins. Co.* (132 Penn. St. 586): "Nor are losses by explosion foreign to the risks assumed by insurance against fire. They are like the damages by smoke and water, losses by theft, destruction by the fall of buildings or injury by fire agencies without actual ignition, all of which are to be found among the losses excepted against in clauses of policies of insurance." This he follows with instances and authorities supporting them, as where goods are injured by water thrown to extinguish a fire; where goods are lost or damaged in the course of an effort to remove them in order to save them from fire raging in a building adjoining; where an insured building is blown up under direction of public authorities to prevent the spread of a conflagration (supported by early authorities in this state); and where the insurers were held liable for theft of insured property during a fire.

While it is true that in the cases cited as holding these several propositions, cases which cover a variety of jurisdictions, the insured was held liable as for a loss by fire, the decision usually was placed on the ground that the fire was the proximate cause of the loss.

In this way very substantial additions were made by the courts to the liability expressly covered by the contract of insurance, and hence the exemption clauses became features in some contracts of insurance before the standard policy was adopted in this state, and when it was created such a clause was incorporated into it.

The fact that the courts, prior to the insertion of the explosion exemption clause, held that under the policy the insurer was liable as for a loss by fire, does not make it a loss by fire direct, if it is in reality a loss by explosion. Where a policy contains a provision that there shall be no liability for explosion of any kind as well as a provision for liability for direct loss by fire, each provision must be given full force and effect unrestrained by decisions made before the explosion exemption clause became a feature of the contract.

So while it may be that but for the explosion clause we should feel constrained to follow those earlier decisions to

which reference was made generally in the *Briggs* case, and hold defendant liable because a fire in another building was the cause of the explosion, we are not permitted to do that 'n view of the exemption clause relieving defendant from liability from explosions of any kind ; and so we held in the *Briggs* case, charging the insurance company with the loss by fire which in that case followed the explosion, and compelling plaintiff to bear the loss caused by the explosion.

A similar construction was given to the lightning provision of an insurance contract in *Beakes* v. *Phœnix Ins. Co.* (143 N. Y. 402), Judge BARTLETT writing. In that case a policy of insurance contained a clause declaring that "this policy shall cover any direct loss or damage caused by lightning (meaning thereby the commonly accepted use of the term lightning, and in no case including loss or damage by cyclone, tornado or wind storm)." The plaintiff's buildings were struck by lightning and immediately thereafter a high wind came up which substantially damaged the buildings. Defendant claimed it should not be charged with damages occasioned by the wind; but the trial court charged that if the jury found that the buildings were struck by lightning and this was the proximate cause of the loss, plaintiff was entitled to recover the whole loss, although the wind subsequently increased the damage; and refused to charge as requested that "the jury must strictly confine their verdict to the actual damage done by the lightning." The plaintiff had judgment; in this court it was reversed on the ground that under the policy the recovery should have been limited to the direct loss or damage done by lightning. The construction placed upon this clause is in harmony with the construction placed upon the explosion clause in the *Briggs* case.

It seems to me that approaching an examination of such features of this policy as are applicable to the facts of this case in the spirit of the opinion in *Peabody* v. *Satterlee* (166 N. Y. 179), in which it is said : " It is important alike to the insurer and insured that the standard policy should be fairly construed in order that an instrument which came from the

hands of its creators presenting many questions for construction be rendered clear and easily understood," we must reach the conclusion that the language of the policy so far as it operates upon the facts in this case is free from doubt. It insures plaintiff against all direct loss or damage by fire and relieves the insurer from liability for all loss caused directly or indirectly by explosions of any kind, and necessarily, therefore, from a loss by concussion caused by an explosion in a neighboring building, whether the explosion be brought about by a lighted match, a fire or other cause.

If this conclusion is correct it is unnecessary to consider the other questions discussed by counsel.

The judgment should be reversed, and judgment ordered for defendant on submission, with costs to defendant in both courts.

GRAY, O'BRIEN, HAIGHT, VANN, JJ. (and MARTIN, J., in result), concur; BARTLETT, J., dissents.

Judgment reversed, etc.