P. SANFORD ROSS, APPELLANT, v. LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, RESPONDENT.

Submitted July 5, 1912—Decided November 11, 1912.

1. Under the clause in the standard policy of fire insurance providing that the insurer shall not be liable for loss caused directly or indirectly by explosion of any kind unless fire ensues, and in that event for the damage by fire only, the insurer cannot be held for loss by explosion even though due to the ignition of a match.
2. A fire insurance policy of the standard form, with privilege to keep three automobiles, had annexed a rider which in consideration of an additional premium and a warranty by the assured that not more than five gallons of hydro-carbon oils in metal cans (excluding contents of tanks of vehicles) would be kept, handled, used or allowed on the premises temporarily or permanently— *Held*, that the rider did not annul the clause of the policy exempting the company from liability for explosion.

On appeal from the Second District Court of Newark.

This is a suit upon an insurance policy in the standard form. It contained a privilege to keep three automobiles. A rider permitted the assured to keep not more than three automobiles using volatile hydro-carbon oils for fuel and for power; and was attached in consideration of an additional premium and a warranty by the assured that not more than five gallons of hydro-carbon oils in metal cans (excluding contents of tanks of vehicles), would be kept, handled, used or allowed on the premises temporarily or permanently. The building insured was damaged by an explosion of gasoline, followed by a fire which caused additional damage amounting to $7.50 for which judgment was rendered. There is no claim of other damage by fire. It was agreed that the explosion was caused by striking a match in the garage; that gasoline is a volatile hydro-carbon oil so readily inflamed that it can scarcely be said to have any flash point; that it vaporizes almost instantly upon coming in contact with oxygen and that the vapor will almost invariably ignite and explode upon coming in contact with flame.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the appellant, *Conover English.*

For the respondent, *Kinsley Twining* (*William K. Flanagan,* on the brief).

The opinion of the court was delivered by

SWAYZE, J. The policy provides that the company shall not be liable for loss caused directly or indirectly by explosion of any kind unless fire ensues, and in that event for the damage by fire only. Since the company does not dispute its liability for the loss due to the ensuing fire, and judgment passed against it therefor, the only question we have to decide is whether it is liable for loss caused by the explosion alone. It is said the explosion was but the result and an incident of

the fire of the match. This contention, however, can hardly prevail in the face of the broad language of the policy exempting the company from liability for loss caused by explosion of any kind. This clause seems to have been inserted in the standard policy to meet such a case as *Scripture* v. *Lowell Mutual Fire Insurance Co.*, 10 *Cush.* 356. The language covers an explosion due to the ignition of a match as well as explosions due to steam or flour dust or any other cause independent of ignition. The precise point was decided by the United States Supreme Court in *Mitchell* v. *Potomac Insurance Co.*, 183 *U. S.* 42 (at *pp.* 51, 52). We do not question the correctness of its decision. To the same effect are *Hever* v. *Northwestern National Insurance Co.*, 144 *Ill.* 393; *Vorse* v. *Jersey Plate Glass Insurance Co.*, 119 *Iowa* 555. It is urged, however, that this clause of the standard policy is superseded by the rider. The argument is that an extra premium was paid for the rider; that, since the policy already contained permission for three automobiles, the assured secured nothing for the extra premium unless it was protection against damage by explosion of gasoline. The case is said to differ from Mitchell v. Potomac Insurance Co., in that here the extra premium was not paid for the mere privilege to keep automobiles, but for the additional privilege of the rider; that the privilege to keep automobiles necessarily carried the right to use gasoline and so avoided the forfeiture clause in the policy; that hence the rider was not needed to avoid the forfeiture and would be without force or effect unless it did away with the exemption from liability for explosion. The rider does not by its terms refer in any way to the exemption clause of the policy nor to loss by explosion, and it seems unnatural and improbable that parties who seek by a rider to vary the terms of the policy should leave to be spelled out by inference what they might so easily have expressed in words. We think it more probable that the object of the rider was to define more precisely the nature of the privilege expressed too succinctly on the face of the policy and to give additional privileges, very much as a mortgagee clause may be attached, although the loss is by the policy it-

self made payable to the mortgagee. If, however, we are to spell out by inference what is not plainly said in words, the inference ought to be a necessary one. Such is not the present case. The appellant's chain of reasoning necessarily is—*first,* permission to keep automobiles is permission to keep gasoline, not only in the tanks of the vehicles, but in quantities of five gallons outside of the tanks. This is the result of the warranty contained in the rider which obviously amounts to a permission to keep that quantity outside of the tanks, just as a limitation of the time allowed for repairs to fifteen days amounts to a permission. *Garrebrant v. Continental Insurance Co.,* 46 *Vroom* 577; *second,* there is no extra fire hazard due to gasoline except that of explosion. Hence the rider gave nothing for the extra premium unless it was protection from loss by explosion. The first premise is false. Permission to keep automobiles does not necessarily involve the use of gasoline since electric power is also available, and surely not the keeping and handling of five gallons outside the tanks of vehicles. The second premise is equally false, and for two reasons—*first,* because the stipulation admits that gasoline is very inflammable and is ignited by flame without any appreciable period of previous heat; and *second,* because it does not appear that the hazard of gasoline is the risk of explosion alone; it may well be that the more serious risk is that of ignition without explosion. At any rate the risk of fire without explosion, especially from the handling of even so small a quantity as five gallons outside the tanks, may have been great enough to justify an additional premium. Whether or not the risk was commensurate with the premium charged has no bearing on the present case. The appellant fails to demonstrate that there was no risk aside from the risk of explosion, and his argument falls. The case, however, does not rest solely upon the failure of the appellant to justify the inference he relies upon. The policy is a policy insuring against loss or damage by fire. The construction contended for by the appellant would convert it into a policy insuring against loss by explosion. It is admitted by the stipulation that the defendant is engaged in the business of fire insurance. We

cannot assume in the absence of proof that it is authorized to insure against explosions. It did not undertake to do so, but only to insure against "direct loss or damage by fire except as hereinafter provided." If, as the appellant contends, the rider suffices to annul the clause exempting the company from liability for explosion, the effect is merely to narrow the scope of the exception but it leaves the policy as one of insurance against "direct loss or damage by fire" and does not avail to interpolate the word "explosion." This consideration lay at the base of the court's reasoning in *United Life, Fire and Marine Insurance Co.* v. *Foote, 22 Ohio St.* 340 (cited at length in *May Ins.,* § 416), and in *Hustace* v. *Phenix Insurance Co., 175 N. Y.* 292, in which the cases are collected by Chief Judge Parker. This difficulty is not met by the suggestion that the striking of the match involved fire and that the explosion was an incident of the fire; for that fire did no damage except by reason of the explosion, and a loss of that kind is held to be a loss by explosion and not a loss by fire, upon the principle that it is the proximate not the remote cause that is to be looked at. *Hever* v. *Northwestern National Insurance Co., 144 Ill.* 393; *Vorse* v. *Jersey Plate Glass Insurance Co., 119 Iowa* 555; *Mitchell* v. *Potomac Insurance Co., 183 U. S.* 42. We think the appellant has failed to point out any legal error and the judgment must be affirmed, and judgment entered in this court, with costs.