EDWARD C. REEVES ET AL., PLAINTIFFS-RESPONDENTS, v. STANDARD FIRE INSURANCE COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided July 15, 1933.

Before Justices BODINE and DONGES.

For the appellant, *Huston Dixon* and *Louis B. Levine*.

For the respondents, *John L. Heher* and *Erwin E. Marshall*.

PER CURIAM.

This is an appeal from a judgment of the Mercer County Court of Common Pleas entered upon the verdict of a jury after a trial before Judge Robbins. Plaintiffs sought to recover on a policy of fire insurance for damage alleged to have been caused by fire to premises owned by them. The contention of the defendant was that the damage and the fire were caused by an explosion, and therefore there was no liability under the terms of the policy.

The fire occurred early in the morning of January 27th, 1930, in Kane, Pennsylvania. The witness Cartwright, assistant fire chief, testified that he was awakened by an explosion; went to plaintiffs' house; found fire burning and evidences of more fire which had been burning; he arrived ten minutes after the explosion and said the appearances would indicate a fire had been burning as much as forty-five minutes. The claim of the plaintiff was that the fire preceded

and caused the explosion, which was caused by illuminating gas.

Three points are argued. First, that the court erred in admitting testimony of a builder as to the cost of replacing the building because the loss was caused by explosion and not by fire. As stated above, the plaintiffs' claim was, and there was evidence to support it, that the fire was the cause of the explosion and the damage done by both the explosion and the flames was actually caused by fire. Appellant relies upon *Ross* v. *Liverpool and London, &c., Insurance Co.*, 83 *N. J. L.* 340; 84 *Atl. Rep.* 1050, but there the fire which caused the explosion was from a match struck in a garage and not a fire which was actually burning the insured premises. In view of the testimony, the evidence objected to was properly admitted.

Second, that there should have been a nonsuit or directed verdict in favor of defendant. Here the contention is that there was no evidence that the damage resulted from a fire within the terms of the policy. However, a question of fact was clearly presented by the evidence as to whether or not the fire preceded and caused the explosion, and was, therefore, the proximate cause of the damage done. This issue was properly submitted to the jury.

Third, that the court erred in refusing to charge certain requests and in what he did charge with respect to determining whether the fire was the cause of the loss. The refusal to charge the requests was excepted to but seems not to be argued. There was no exception taken to the charge, so the portion set out in the brief cannot now be complained of. At any rate, the ground of objection involves the same point as above discussed and the action of the court was proper.

The judgment is affirmed, with costs.