PHOENIX INSURANCE CO. *v.* GREER.

Opinion delivered January 18, 1896.

FIRE INSURANCE—DAMAGES BY EXPLOSION.—Where an insurance policy provides that the insurer shall not be liable for any loss caused "by explosion, from any cause, unless fire ensues, and then only for the loss or damage by fire," damages resulting immediately from the explosion of dynamite cannot be recovered under the policy, though the explosive was ignited by fire.

Appeal from White Circuit Court.

GRANT GREEN, JR., Judge.

*D. McRae* for appellant.

1. Where there is no exemption of a loss by explosion stipulated in the policy, the fire producing the explosion is a cause of the loss, so as to come within the meaning of the policy, even though it be the remote, and not the proximate, cause. The rule is otherwise, where there is an exemption against loss by explosion. 103 Mo. 595; 11 S. W. 945.

2. Where the policy contains an exemption from liability. for loss or damage caused by an explosion of any kind unless fire ensues, and then for the loss by fire only, this stipulation of exemption is a part of the contract between the parties, and is entitled to as much weight and force as any other part. The exemption, being general, includes explosives whose destructive forces are set in motion by ignition, as well as others. 41 Ill. App. 395; 144 Ills. App. 393; 33 N. E. Rep. 411; 22 Ohio St. 340; 53 N. Y. 446; 11 N. Y. 516; 1 Wood on Fire Ins. (2 ed.), sec. 104, p. 139.

3. Where a policy insuring against loss or damage by fire contains a clause exempting from liability for loss or damage caused by explosions of any kind, a lighted match or burning lamp or fuse is not a "fire,"

within the meaning of the policy. The expression "loss or damage by fire" is to be construed as ordinary people construe it, and means loss or damage either by ignition of the article insured, or ignition of part of the premises. 144 Ill. App. 393; 33 N. E. Rep. 411; 19 C. B. (N. S.), 126; 22 Ohio St. 340.

4. Where there is an exemption from loss or damage from explosion of any kind stipulated in a policy insuring against loss or damage by fire, if the damage or loss is due to explosion or concussion alone, and the explosion was not produced by a precedent conflagration, but the explosive was ignited by a match or fuse, the insurer would not be liable, the explosion being the efficient or proximate cause of the loss, and the fire the incident. 144 Ill. App. 393; 33 N. E. Rep. 411; 53 N. Y. 446; 22 Oh. St. 340. Applying these principles, it appears that the damage sustained was caused by *concussion* alone, and that the explosion was not preceded nor followed by fire, within the meaning of the policy, and the company is not liable. 1 Wood, Fire Ins. (2 ed.), sec. 104; 53 Wis. 129; 11 N. Y. 516; 3 Bennett, Fire Ins. Cas. 761; 10 Cush. 356; 144 Ill. 393; 33 N. E. 411; 19 C. B. (N. S.), 126; 15 La. An. 127; 43 N. Y. 447; 22 Oh. St. 340; 17 Mo. 301; 16 B. Mon. 427; 7 Wall. 44; 103 Mo. 595.

*S. Brundidge, Jr.*, for appellee.

1. If the fire that lighted the fuse was the *proximate* cause of the loss, the company is liable. Wood on Fire Ins. (2 ed.), secs. 106, 265; 11 Pet. 225; 95 U. S. 391; 94 *id.* 258; 15 S. W. 946; 2 Fed. 304, 633.

2. Where the effects produced are the immediate results of the action of a burning substance in contact with a building, it is immaterial whether these results manifest themselves in the form of combustion or explosion, or both combined. In either case the damage

accruing is by the action of fire and covered by the ordinary terms of a policy against loss by fire. 10 Cushman, 357 ; 21 Wend. 367; 4 La. An. 15; 22 Ohio St. 340 ; 11 Mich. 425; 48 Fed. 198 ; 6 U. S. C. C. A. 343; 7 A. & E. Enc. Law. p. 1041 ; 2 Pars. Cont. (7 ed.) p. 571-2.

BUNN, C. J.    Appellant company insured three store-houses in the town of Searcy, belonging to the appellee.    The policy was written in the usual form, and, among other things, contained the following stipulation, to-wit:  "This company shall not be liable, by virtue of this policy, or any renewal thereof, until the premium therefor be actually paid ; nor for any loss by theft at or after a fire, of which the burden of proof shall be on the assured; nor for money or bullion, bills, notes, accounts, deeds, evidences of debt, or securities of property of any kind ; nor for any loss or damage by fire which may happen by means of or during an invasion, insurrection, riot, civil commotion, or military or usurped power ; nor for any loss in or on buildings unprovided with good and substantial stone or brick chimneys, nor in consequence of any neglect or deviation from the law or regulation of police, where such exists ; nor by lightning unless specifically mentioned ; nor for any loss caused by the bursting of a boiler, or *by explosion from any cause, unless fire ensues, and then only for the loss or damage by fire.* * * * * * ."  The latter part, referring to loss by explosion and its consequences, is the only part of the stipulation necessary to be considered here.

The plaintiff introduced the policy as the contract under which he claimed, and the proof of his damages is substantially as follows : On a night in November, 1892, while this policy was in full force, one of the buildings insured therein was damaged, the door-sill

being broken and shattered, and smoked and discolored, as if by burnt gunpowder, and the windows to some extent damaged, as we infer. One witness testified that things seemed torn up generally, but, giving no particulars, it is impossible to know what he meant. Others state the damage to be as stated above. From the testimony of all of them, we gather that the accident, if such it might be called, was produced by some person setting off a fuse connected with dynamite or other explosive on the sidewalk in front of the building. The claim was for $100, and judgment was accordingly against the company, and it excepted and appealed.

There are two grounds presented in the testimony and the argument upon which the claim of recovery is based,—the one that the injury to the building was caused by fire following the explosion; and the other that it was caused by fire, indirectly at least, in this way, that while it is true it was the direct result of the explosion, yet, as the explosion itself must have been caused by fire, in the shape of a lighted match, or the like, the injury must therefore be attributed to fire. There are two lines of decisions on the subject of loss by fire which is the result of explosion, under stipulations such as the one contained in this policy, and they seem to be somewhat irreconcilable.

Thus in *Com. Ins. Co.* v. *Robinson*, 64 Ill. 265, where the policy provided that the company should not be liable for any loss or damage caused by the explosion of gunpowder, camphine or any explosive substance, or explosion of any kind, it was held that, "by a proper construction of the latter clause, the company was not thereby exempted from liability for losses by fire caused by explosion, but only [exempted] from liability for losses caused by the explosion." That is to say, the company

is exempt from liability only when the explosion itself is shown to be the proximate cause of the damage, and not the remote cause, as when the loss is by fire, which itself was caused by the explosion.

On the other hand, in *United Life & Fire Ins. Co. v. Foote*, 22 Ohio St. 340, where the policy excepted any risk by explosion, the court said : "In an action upon the policy, it appeared that an explosive mixture of whisky, vapor and atmosphere had come in contact with the flame of a gas jet, from which it ignited, and immediately exploded, whereby a fire was set in motion, which destroyed the injured property. *Held*, that in such case it cannot be said that the destruction was caused by a fire, within the meaning of the policy, but, on the contrary, that the loss was by fire occasioned by an explosion." And, continuing, the court said : "In construing such policies, wherever the exception embraces any loss or damage occasioned by or resulting from any explosion whatever, the exemption must be taken to embrace all loss or damage occasioned by any fire of which an explosion was the efficient cause."

There is an apparent conflict between the two, or, if not so, the distinguishing features of the facts causing the difference are too shadowy to be appreciated by the ordinary mind, and therefore of little use practically. But these cases are cited more to show the run of decisions on the subject than to conclude the matter in hand ; for we think that the stipulations in the exemption clause of the policy under consideration make it plain that if the loss was directly caused by fire, the company is liable, although the fire may have been the mere result of the explosion, for the language is plainly to that effect. But the controversy here in this respect goes off on a question of fact only, for this consequent fire does not appear to have been a fire at all, except

such as is confined to the ignition of gunpowder,—a mere flash, that leaves only discoloration, and can in no sense be denominated the destructive force capable of doing damage to any building. The damage does not appear to have been done by the slower process of fire, but rather by the undue exertion of force such as is the undue accompaniment of an explosion.

The contention that fire, in the shape of a lighted match, brought in contact with the explosive, was the cause of the injury, is equally without foundation, in the light of reason and of the authorities. In such case the fire may be the first cause in the train of causes, but that might receive attention among some philosophers, and in some departments of thought, but the law is more practical, and for that reason attributes injuries to proximate, and not to remote, causes.

To illustrate the trend of the authorities on this subject, we cite one or two. In *Heuer* v. *National Ins. Co.* 33 N. E. Rep. 411, the court said (quoting from the syllabus): "Where an insurance policy provides that the insurer shall not be liable for loss caused by explosion of any kind, unless fire ensues, and then for the loss or damage by fire only [just as in this case stipulated], no liability exists for damages done by an explosion produced by the ignition of a match in a room filled with illuminating gas, since the explosion of the gas, and not the lighting of the match, is the proximate cause of the loss." In the *Transatlantic Ins. Co.* v. *Dorsey,* 56 Md. 70, the court said : "A lighted match coming in contact with a keg of powder would certainly produce an explosion, and, as the explosion would be produced by fire, all the injury caused thereby might well be said to be directly caused by fire, or be the result thereof [exactly appellee's contention here], and yet the burning match could no more be said to be the fire insured against, than the burning lamp or gas jet in the cases

to which we have referred." This, we think, is sufficient to show the trend of the authorities, and they seem to be in accord with the better reason on the subject also.

The judgment of the court below is therefore reversed, and judgment here for defendant.

BATTLE, J., did not participate in the consideration of this cause.