HUSTACE et al. v. PHENIX INS. CO. OF BROOKLYN.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

FIRE INSURANCE—EXPLOSION IN ADJOINING PREMISES—PROXIMATE CAUSE.

Where a fire insurance policy provided that the insurance company should not be liable for loss by explosion unless fire ensued, and then for loss by fire only, and a fire occurred in another building, causing an explosion which wrecked plaintiffs' building, and the wreck was destroyed by the fire, the company was liable; the fire being the proximate cause of loss.

Patterson, J., dissenting.

Action by Frank Hustace and another against the Phenix Insurance Company of Brooklyn. Submitted on agreed state of facts. Judgment for plaintiffs.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. H. Sage, for plaintiffs.
M. H. Cardozo, for defendant.

VAN BRUNT, P. J. This is an action whereby the plaintiffs seek to recover upon a policy of fire insurance issued by the defendant to them upon their building, No. 275 Washington street, in the city of New York. It appears that on the 29th of October, 1900, while said policy of insurance was in full force, a fire broke out in a 7-story building known as the "Tarrant Building," which said building was about 57 feet distant in a straight line from the premises insured, and was occupied by dealers in chemicals and drugs. During the progress of a fire in the said Tarrant Building, an explosion took place therein, caused by the ignition by said fire of said chemicals and drugs therein contained, and the force of the explosion wrecked said Tarrant Building and other buildings in the vicinity, including said building No. 275 Washington street, and caused the same to fall and become a total loss, and thereafter nothing remained of said building but the ruins thereof, which were, after such fall, consumed by the fire which commenced in the Tarrant Building. All the buildings intervening between the Tarrant Building and the plaintiffs' were also wrecked by the explosion. Prior to the time when said No. 275 Washington street fell and was destroyed by said explosion, there was no fire in said building, and no damage thereto had been caused by fire. The value of the plaintiffs' building was, at the time of the fall and destruction thereof, the sum of $4,750. The plaintiffs claim judgment for that amount, and the defendant claims judgment dismissing the complaint.

The ground upon which the defendant bases its defense to the claim of a recovery upon the part of the plaintiffs is that the peril insured against by the policy of insurance issued by it to the plaintiffs was not the proximate cause of the loss; and we are cited to a large number of cases in support of this proposition. It is conceded that if the explosion had occurred as the result of a fire covered by the policy of insurance, even though the damage by the explosion was great, and that by the fire was trivial, the loss would be covered by the policy, and that the company would not be relieved from liability because of the clause in the policy which reads, "(Unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind or lightning." In other words, it is conceded that where the fire precedes the explosion upon the premises themselves, and causes the explosion, the insurance company is liable; but where the explosion precedes any fire, then the company is not liable, unless fire ensues, and, in that event, for the damage by fire only. Damage from explosions caused by concussion, or from a lighted candle or match (which are not fires covered by the policy) would come within the exception of

the policy, as has been frequently held. But it has nowhere, as yet, been held that, where a fire of a character which would be covered by a policy of insurance against fire originates in one building, and causes an explosion therein which destroys the neighboring building as well as the one in which it originated, and such fire consumes the ruins left by the explosion of the building insured, a recovery cannot be had upon a policy of insurance against fire upon the neighboring building.

Our attention has been called to a case (Insurance Co. v. Roost [Ohio] 45 N. E. 1097, 36 L. R. A. 236, 60 Am. St. Rep. 711) in which a fire insurance policy on a house and contents contained in the printed portion a provision that "this insurance does not apply to or cover any loss by explosion, unless fire ensues, and then the loss or damage by fire only," and had attached thereto a special clause providing "that this policy insures against any loss or damage caused by lightning to the interest of the assured in the property described." An explosion occurred in a powder house, caused by a stroke of lightning, which explosion destroyed the insured house and contents. It was held that, within the meaning of the clauses recited, the loss was occasioned by explosion, which was not included in the risk, and the company was not liable. While not concurring in the correctness of this decision, there is a distinction between this case and the case at bar, in that no loss insured against ever reached the premises insured. They were not injured by lightning, and no fire occurred; whereas in the case at bar the very fire which caused the explosion consumed what was left of the plaintiffs' premises after the explosion.

Another case cited upon the part of the defendant, which, it is claimed, is an authority upon the question here involved, is that of Caballero v. Insurance Co., 15 La. Ann. 217, where the insured premises were damaged by an explosion occasioned by a distant fire, and the policy contained no exemption clause in the event of explosion. In that case the insurer was not subjected to liability upon its policy; the decision of the court being based apparently upon the fact that no fire whatever reached the premises of the party insured. The discussion throughout all the cases has, of course, been as to what was the proximate cause of the loss. In this case, where the loss occurred by an explosion set in motion by a concussion, it was held that the loss was due to the explosion, which is excepted by the policy, and not to the fire. But where the fire is of such a character as is covered by a policy of insurance against fire, even though it originated in adjoining premises and causes an explosion therein, which explosion destroys the plaintiffs' adjoining building, and the remains of such building are consumed by the very fire which caused the explosion, it seems to us apparent that the proximate cause of the loss is the existence of a fire which was the subject of insurance. Where it appears, as it does in the case at bar, that the building would have been destroyed by the fire which commenced in the adjoining premises, even if they had not first been thrown down by the explosion, it is difficult to see why the fire was not the proximate cause of the loss, just as much as if the fire had originated upon the premises in question, and caused the explosion in the neighboring premises which threw down the building insured.

We are of the opinion, therefore, that in the case at bar the plaintiffs are entitled to recover; and judgment should be ordered accordingly in favor of the plaintiffs for the sum of $4,750, interest and costs.

O'BRIEN and LAUGHLIN, JJ., concur.  PATTERSON, J., dissents.