Without disaffirmance by the defendant, and an offer to return the chattel, the breach of warranty was no answer to an action for the price. After acceptance, the breach of warranty would support rescission or a claim for damages, but here the defense pleaded involved neither. Thus there was nothing for the jury, the plaintiff's right of recovery being established by the contract and the conceded delivery, and the direction of a verdict was proper.

Judgment affirmed, with costs. All concur.

---

(99 App. Div. 221)

EPPENS, SMITH & WIEMANN CO. v. HARTFORD FIRE INS. CO. OF CITY OF HARTFORD.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. FIRE INSURANCE—EXPLOSION—FALLING OF WALLS.

 Under a fire policy on goods in a building, providing that the insurer will not be liable for loss by explosion unless fire ensues, and in that event for the damage by fire only, and that if the building, or any part of it, falls, except as the result of fire, the insurance shall immediately cease, the wall of the building may be shattered by explosion without terminating the insurance or relieving the insurer of liability, if it does not fall from the explosion, though because of the explosion it falls the more readily from the effects of the fire.

Appeal from Trial Term, New York County.

Action by the Eppens, Smith & Wiemann Company against the Hartford Fire Insurance Company of the City of Hartford. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William B. Ellison, for appellant.
Michael H. Cardozo, for respondent.

LAUGHLIN, J. The plaintiff owned certain machinery which was in the Fahys building, situate at Nos. 103 and 105 Warren street, in the city of New York. The defendant insured the machinery against fire, issuing a standard-form policy. The plaintiff brought this action upon the policy to recover for the loss of the property insured, alleging that it was destroyed by fire. The plaintiff gave evidence tending to show that the machinery which was insured was destroyed by fire. Prior to the time that fire was discovered in the Fahys building the fire had started and was raging in the Tarrant building, on the opposite side of Warren street, and a little to the east. Several explosions occurred in the Tarrant building during the progress of the fire. Testimony was given on the part of the plaintiff tending to show that no part of the Fahys building containing the machinery had fallen as a result of these explosions prior to the destruction of the insured property by fire, and, on the part of the defendant, tending to show that one or more walls of the building containing the insured property, or a substantial part thereof, had fallen before the fire in that building,

thus presenting an issue of fact on this question. The policy provided, among other things, as follows:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by a fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon.

"If a building or any part thereof fall, except as the result of fire, all insurance by this policy on said building or its contents shall immediately cease."

At the close of the testimony, counsel for the defendant first moved for a direction of a verdict, and upon the denial of that motion he requested the court to present a specific question to the jury, pursuant to the provisions of section 1187 of the Code of Civil Procedure. The question he suggested was:

"Did the heavy explosion in the Tarrant building on October 29, 1900, shatter or destroy, or cause to fall, a substantial part of the front or Warren street wall of the Fahys building, occupied by the defendant?"

Counsel for the plaintiff stated that he had no objection to the jury answering the question, but that it was immaterial, for the reason that it did not follow that the machinery was not burned, even if the front wall did fall; and he suggested that the whole question as to whether the plaintiff had shown that its machinery was destroyed by fire be submitted to the jury. The court then amended the question, and submitted it to the jury in the following form:

"Did the heavy explosion in the Tarrant building on October 29, 1900, shatter or destroy, or cause to fall, a substantial part of the front or Warren street wall of the Fahys building, occupied by the plaintiff, before the destruction of the insured property by fire?"

In submitting it to the jury, the court instructed them that, if they answered it in the negative, the plaintiff was entitled to recover, but, if they answered it in the affirmative, the defendant was entitled to a verdict. At the close of the charge, pursuant to a request of counsel for the defendant, the court further instructed the jury on this point as follows:

"In other words, even though there was a fire in the Fahys building, still, if the front or Warren street wall of the Fahys building, or a substantial part thereof, was shattered before fire had consumed this property, the verdict must be for the defendant."

And to this instruction counsel for the plaintiff duly excepted. Although on the one side the testimony tended to show that no part of any wall of the Fahys building had fallen before the fire in that building, and, on the other, that a substantial part of the Warren street wall had fallen, yet the jury were not bound to accept the testimony upon either side literally. It might well be that the wall was shattered, and still remained standing, and that no substantial part of it fell until after the destruction of the property insured by fire. The jury would very likely infer that the phrase-

ology of the question in this regard was significant. The language of the policy on the point was plain and simple. Counsel for the defendant was not content to adopt the language of the policy in framing the question, and we think the court was led into an error. Even though the wall may not have been razed by the explosion, yet it is probable that the glass in the windows was shattered; and it may well be that the wall was cracked and weakened in consequence thereof, and that it subsequently, from the heat of the fire within the Fahys building, fell the more readily; yet, under the terms of the policy, this would not relieve the insurance company of liability, and still the jury were given to understand that it would.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.