HALL & HAWKINS *v.* NATIONAL FIRE INSURANCE COM-
PANY.

(*Knoxville.*   September Term, 1905.)

1. **INSURANCE.** Liability for explosion caused by fire in the
   property insured, though liability is excluded by the policy,
   when. ·

   The weight of authority is to the effect that where a fire occurs
   in the property insured, and an explosion takes place therein
   during the progress of the fire, the effects of which are covered
   by the policy, and such explosion is a mere incident of the pre-
   ceding fire, such fire is treated as the efficient cause, and the
   whole loss is within the risk insured, although the policy in
   terms excludes liability for the loss by explosion. (*Post, pp.*
   517-521.)

   Cases cited and approved: Mitchell v. Insurance Co., 57 Fed.,
   Rep., 294; Washburn v. Insurance Co., 2 Fed. Rep., 304; Wash-
   burn v. Insurance Co., 2 Fed. Rep., 633; Washburn v. Insur-
   ance Co., 17216 Fed. Cases; Washburn v. Insurance Co., 17212
   Fed. Cases; Renshaw v. Insurance Co., 33 Mo. App., 394; Dor-
   sey v. Insurance Co., 56 Md., 70; Insurance Co. v. Foote, 22
   Ohio St., 340, 348; Scripture v. Insurance Co., 10 Cush. (Mass.),
   357; LaForce v. Insurance Co., 43 Mo. App., 518; Gas & Elec-
   tric Co. v. Insurance Co. (Mass.), 20 L. R. A., 297.

   Cases cited and distinguished: Hustace v. Insurance Co., 175 N.
   Y., 292; Insurance Co. v. Foote, 22 Ohio St., 348; Heuer v. In-
   surance Co., 144 Ill., 393; Cohn v. Insurance Co., 70 S. W.,
   259; Heffron v. Insurance Co., 132 Pa. St., 580.

2. **SAME.** No liability for an explosion caused by fire in a near-
   by building, where such liability is excluded in the policy,
   when; case in judgment.

   Where a policy of fire insurance provides against liability for ex-
   plosion of any kind, except where a fire ensues, and in that

   115 Tenn.—33

event for the damages by fire only, there is no liability for an explosion caused by a fire in a nearby building, where no fire ensues in the property insured as a result of such explosion. (*Post, pp.* 514-525.)

Cases cited and approved: Cabalero & Basualdo v. Insurance Co., 15 La. Ann., 217; Insurance Co. v. Roost, 45 N. E., 1097, 36 L. L. R. A., 236; Everett v. Assurance Society, 115 E. C. (19 C. B. N. S.), 126.

3. **LOGIC.** Legal conclusions cannot always be reached by.
A deduction may seem to be sound in an abstract sense, but legal conclusions cannot always be safely reached by pressing the processes of logical illation to their ultimate results. (*Post, p.* 521.)

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— JOSEPH W. SNEED, Chancellor.

JOHN W. GREEN, for complainants.

WEBB, M'CLUNG & BAKER and CORNICK, WRIGHT & FRANTZ, for defendant.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

Complainants' bill states the following case:

On the 6th day of September, 1904, the defendant company issued to the complainants a policy containing among other things, the following provisions: "The

National Fire Insurance Company of Hartford, Conn., in consideration of the stipulations herein named, and of $19.38 premium, does insure Hall & Hawkins, for the term of one year from the 6th day of September, 1904, at noon, to the 6th day of September, 1905, at noon, against all direct loss or damage by fire, except as herein provided, to an amount not exceeding $1,000, on the following described property, located and contained as described herein (describing property). This company shall not be liable for loss occasioned directly or indirectly by invasion, insurrection, riot, civil war, or commotion, or military, or usurped power, or by order of any civil authority; or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and in that event for the damage by fire only) by explosion of any kind or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon."

The property insured consisted of a stock of furniture, house-furnishing goods, rugs, carpets, linoleum, oil cloth, curtains, and other merchandise which the complainants kept for sale in their place of business at Nos. 418 and 420 Gay street, Knoxville, Tennessee.

On November 12, 1904, between two and three o'clock in the morning a fire, originating from an unknown cause, broke out in the second building south of complainants' storehouse on the same side of the street and

between thirty and forty feet distant, occupied by the Woodruff Hardware Company. After this fire had been in progress for the space of one hour, and while it was raging fiercely and beyond control, a terrific explosion, following as an incident of the fire, and shaking the whole city and the country for miles around, occurred in the said storehouse of the Woodruff Hardware Company, this explosion having been caused by the fire igniting powder and dynamite stored in the building of the Woodruff Hardware Company. The fire itself did not reach the store occupied by complainants, but it produced the explosion, which resulted in breaking, injuring, and damaging complainants' stock to the extent of more than $5,000. The explosion referred to was wholly due to the preceding fire.

The other allegations of the bill need not be noticed, as they are not drawn in question.

The demurrer, so far as it is necessary to notice the defenses made therein, makes two points; firstly, that the facts stated in the bill fail to show any direct loss by fire, secondly, that it is shown in the bill that an explosion occurring in a building forty feet distant caused the injury to complainants' goods, and that no fire ensued upon the explosion, and that such loss was not within the terms of the policy.

The chancellor overruled the demurrer, whereupon the defendants, by leave of the court, prosecuted an appeal to this court, and have here assigned errors.

We shall not dispose of the two grounds of demurrer

---

Hall v. Insurance Co.

---

in the exact form in which they are stated, but shall consider, so far as may be necessary, the substance of each of them.

1. There is some controversy in the authorities upon the question whether, under a policy framed like the one in suit here, an explosion occurring during the progress of a fire should be treated as a mere incident of the fire, the latter being regarded as the efficient cause of the injury, or whether it should be excepted out of the operation of the policy.

The weight of authority is to the effect that where the fire occurs in the property insured, and an explosion takes place therein during the progress of the fire, the effects of which are covered by the policy, and such explosion is a mere incident of the preceding fire, the latter is treated as the efficient cause, and the whole loss is within the risk insured, although the policy in terms excludes liability for loss by explosion. *Mitchell* v. *Potomac Ins. Co.,* 183 U. S., 51, 52, 53; *Waters* v. *Ins. Co.,* 11 Pet., 213, 218; *Amer. Steam Boiler Ins. Co.* v. *Chicago Sugar Refining Co.,* 57 Fed. Rep., 294, 21 L. R. A., 572; *Washburn* v. *Farmers' Ins. Co.,* 2 Fed. Rep., 304; *Washburn* v. *Miami Valley Ins. Co.,* 2 Fed. Rep., 633; *Washburn* v. *Ins. Co.,* 17216 Fed. Cases; *Washburn* v. *Ins. Co.,* 17212 Fed. Cases; *Renshaw* v. *Ins. Co.,* 33 Mo. App., 394; *Renshaw* v. *Ins. Co.,* 23 Am. St. Rep., 910; *Dorsey* v. *Ins. Co.,* 56 Md., 70, 40 Am. Rep. 403; *Ins. Co.* v. *Foote,* 22 Ohio St. Rep., 340, 348, 10 Am. Rep., 735; *Scripture* v. *Lowell Mut. Fire Ins. Co.,*

10 Cushing (Mass.), 357; *LaForce* v. *Williams City F. Ins. Co.*, 43 Mo. App., 518, and see *Lynn Gas & Elec. Co.* v. *Meriden Fire Ins. Co.* (Mass.), 20 L. R. A. 297.

In May on Insurance, it is said: "Where the policy excluded liability 'for loss by lightning or explosion of any kind unless fire ensues, and then for damages by fire only,' it was held in a case where it appeared that vapor evolved from material in process of manufacture, coming in contact with a burning lamp, exploded, tearing off the roof, shattering the walls, and damaging the machinery, upon which a fire supervened, that the insurers were liable for the damage done by the fire, but not for that done by the explosion. If, under such a policy, fire precedes the explosion, the entire loss is to be attributed to the fire, though the explosion is destructive." Id., Vol. 2 (4th Ed.), p. 956. In a note upon the same page, it is said: "If a fire occurs by a cause within the policy and an explosion takes place as an incident to the fire so as to increase the loss, the whole damage is within the policy, although it contains an exemption from liability for the explosion," citing *Insurance Co.* v. *Dorsey,* supra.

In Clements on Insurance, it is said: "When explosions or explosive effects occur after the commencement of a fire or during its progress and as an incident of a fire or a result of it, the whole loss is a loss by fire within the meaning and protection of the policy, notwithstanding the destructive effect of the explosion; it is ordinarily a question of fact; if the explosion pre-

cedes the fire the company is liable for the damage by fire only, and not for that caused by the explosion." Id., p. 123.

In Elliott on Insurance, it is said: "The standard form provides for liability for damage occasioned by fire which results from an explosion and exempts the insurer from liability for damages caused by the explosion itself. The loss by explosion must be distinguished from that caused by the subsequent fire. Under this provision the insurer is liable for the loss when the explosion is the result of an antecedent fire. Id., p. 212.

In Joyce on Insurance, it is said: "Insurers are liable upon a policy which contains a condition of this nature," (i. e., excepting liability for damages by explosions of any kind), "where fire originates in the insured premises and the fire produces an explosion which destroys the property, the entire loss in such a case is held to be a loss by fire." Id., Vol. 3, p. 2532, paragraph 2593.

Again, this author says: "If the combustion and explosion are inseparably connected, if a combustible substance in the process of combustion produces explosion also, and fire is the agent throughout and there is a loss by both fire and explosion, it is held that the whole damage is covered by a policy insuring against loss by fire. Id., page 2707, par. 2771.

It is insisted for defendant, following the case of *Hustace* v. *Phoenix Ins. Co.,* 175 N. Y., 292, 62 L. R. A., 651, that this view of the matter is erroneous, since it prac-

tically nullifies the exception made in the policy against liability for losses occurring by explosions; that there would be no use in excepting losses caused by explosions, unless such explosions were understood to be those caused by fire, since the company would not in any event be liable under a fire policy for an explosion not produced by fire.

Thus stated, the objection is a very plausible one. However, the cases which we have cited go upon the theory that in order to satisfy the terms of a policy insuring against direct loss by fire, the latter must always be regarded as the efficient cause, where its effects are produced in direct sequence, though one of the incidents of that sequence may be an explosion, and that it could not have been intended to nullify such predominant cause. There is room for the exception in favor of losses produced by explosion, notwithstanding this construction, in view of the fact that explosions are frequently produced by flame, as by a lighted match, a gas jet, a lighted lamp, fire from a furnace, and the like, as shown in *Insurance Co.* v. *Foote,* 22 Ohio St. Rep., 348, 10 Am. Rep., 735; *Heuer* v. *Northwestern Nat. Ins. Co.,* 144 Ill., 393, 19 L. R. A., 594; *Cohn* v. *Nat. F. Ins. Co.,* 70 S. W. Rep., 259; *Heffron* v. *Kittanning Ins. Co.,* 132 Pa. St., 580, which, although in fact forms or manifestations of fire, yet do not fall within the meaning of the latter expressions, as used in the rule above stated. The foregoing instances and others had been the occas-

ion of sufficient doubt to render necessary the introduction of the clause referred to.

2. It is insisted by counsel for complainants that since an explosion produced in progress of a precedent fire is held to be the result of the fire, and the loss by such explosion a loss by fire, damage produced thereby in neighboring buildings should be treated like damage by smoke and water, destruction by the falling of buildings, or other injuries by fire agencies without actual ignition in their operation upon adjoining buildings, and that the element of distance is unimportant. Abstractly speaking, the deduction seems sound, but legal conclusions cannot always be safely reached by pressing the processes of logical illation to their ultimate results. The weight of authority is against complainants' contention. *Cabalero & Basualdo* v. *Home Ins. Co.*, 15 La. Ann., 217; *Germania Fire Ins. Co.* v. *Henry Roost*, 45 N. E., 1097, 36 L. R. A., 236; *Everett* v. *London Assurance Society*, 115 E. C. (19 C. B. N. S.), 126; Clement on Fire Ins., p. 123; Joyce on Ins., Vol. 3, secs. 2586 and 2587.

In the case of *Cabalero & Basualdo* it appeared that the company had issued to the plaintiffs a fire policy agreeing to make good to them all such loss or damage as should happen by fire to a building in Brownville, Texas, during the period of one year; that a fire broke out about 180 or 200 feet distant in a building containing a quantity of gunpowder and in about thirty min-

utes the gunpowder exploded; that this explosion produced such concussion of the air as to crack the walls of the plaintiffs' building and brick arches, drive in the windows and blinds, loosen the plastering and slates, resulting in an injury of $950.00. The fire continued in the town for forty-eight hours, but did not reach the building in question, this being entirely unharmed except from the concussion.

After stating these facts, and conceding that where a fire occurs upon the premises insured by which an explosion of gunpowder takes place, the insurer is responsible, on the ground that the loss is the direct consequence of the combustion, the court continues: "If now the question were to be asked any one acquainted with the law of insurance, whether an injury could be considered as occasioned by fire, where it had only been effected by the air put in motion by the explosion of gunpowder, and the fire itself had not touched the building, we think the answer would be "No," because the insurance company only bound itself to answer for damage done by the element of fire, and not by injury done by any other element. But it is replied by the jurist that the law looks upon the question in a different light. It seeks for the first effect, the cause of the loss, and that is the *causa proxima,* however many other agencies may have intervened. Here there would have been no concussion of the air without the explosion of gunpowder, and the gunpowder would not have exploded without taking fire, and producing instantaneous ex-

plosion, by which gases were evolved and expanded to set air in motion.

"Perhaps, after all, it might be safe here, as in other contracts, to inquire whether the loss was within the reasonable intendment of the parties when they made the contract. Did they intend by an insurance against fire, to cover losses arising from the concussion of the air, produced by the explosion of gunpowder upon the premises of other persons than the insured? We think such an extraordinary result could not have been contemplated by the parties. We do not think insurance companies can be considered responsible for the consequences of the combustion of gunpowder, unless that combustion has happened in the premises insured, or the gunpowder is itself, with other merchandise, covered by the policy."

In the case of *Henry Roost,* it appeared that the house which was the subject of the insurance, stood on the west side of a street forty feet wide and twenty-one feet from the street; that on the east side of the street and opposite this house was located a powder house; that neither plaintiff nor defendant had any interest in or control over this powder house; that before the day on which the fire occurred, which was January 3, 1890, there were stored in the powder house two tons of powder, and on January 3, the powder house was struck by lightning, causing an explosion, which destroyed the property of Roost. The policy contained a clause, insuring "against any loss or damage caused by lightning,

to the interest of the assured in the property described."
The policy also contained a provision that it did not
"apply to or cover any loss occasioned by explosion, un-
less fire ensues, and then the loss or damage by fire only."
The question was whether the loss should be treated as
one produced by lightning within the terms of the policy
upon that subject, which we have quoted.    After dis-
cussing the matter at some length and arriving at a con-
clusion adverse to the liability, the court continued:
"The conclusions stated are sustained by abundant au-
thority.. True it is that cases are to be found which de-
clare principles of construction, which, if applied here,
would make the company liable for this loss, if its lia-
bility were measured wholly by the lightning clause.
But in no case which has come within our observation,
and we have examined a great many, has a liability been
found to attach where there was a provision excluding
liability for loss by explosion, and the loss was caused by
fire, or, as here, by lightning, taking effect in a distant
building, the damage being wrought to the insured
property by an explosion produced by the fire, or light-
ning, without either of the latter agencies coming in
contact with the insured property."

In *Everett's Case* it was held that no liability attached
under the clause of a policy providing against "such loss
or damage as shall or may be occasioned by fire to the
property" insured where it appeared that the damage
which accrued to the premises of the plaintiff was oc-
casioned by a concussion or disturbance of the atmos-

Hall v. Insurance Co.

phere by an explosion of a large quantity of gunpowder at a magazine about a half mile distant from them.

In Clement on Fire Insurance, it is said: "Damage caused by a concussion of air resulting from an explosion in another building is not covered, even though such explosion was caused by fire, but the company may be liable for the damage by fire when fire ensues." Id., p. 123.

In Joyce on Insurance, it is said: "If the company excepts a loss by explosion, it is not liable for any loss or damage which the insured premises may sustain, which is the mere result of the concussion of an explosion upon other premises than those insured." Id., Vol. 3, sec. 2587.

On the grounds stated, we are of the opinion that the chancellor was in error in overruling the demurrer. His decree must therefore be reversed, and the bill dismissed with costs.