10586.   WESTCHESTER FIRE INSURANCE CO. *v.* BELL.

The provision in the insurance policy in question, which insured against loss or damage by fire to a certain building in a city, that the insurer should not be liable for "loss caused directly or indirectly . . by order of any civil authority, . . or (unless fire ensues, and, in that event, for damage by fire only) by explosion of any kind," should be construed in the light of the section of the code' which declares that "a loss or injury may occur from fire without the actual burning of the articles or property; as, a house blown up to stop a conflagration" (Civil Code of 1910, § 2476); and this provision of the policy afforded no defense to an action on the policy, where the plaintiff sought to recover for damage to window-glasses and plastering of the insured building, caused by concussion from the explosion of dynamite in a neighboring building in which the fire department of the city had placed it for the purpose of blowing up the building in order to stop the progress of an approaching conflagration.

DECIDED DECEMBER 9, 1919.

(Certiorari was granted by the Supreme Court.)

Certiorari; from Fulton superior court—Judge Bell.   April 21, 1919.

*King & Spalding, Daniel MacDougald,* for plaintiff in error, cited: Hustace *v.* Ins. Co., 175 N. Y. 292 (L. R. A. 651, 57 N. E. 592) ; Germania Fire Ins. Co. *v.* Roost, 55 Ohio, 581 (36 L. R. A. 236) ; Eppone *v.* Ins. Co., 99 App. Div. 221 (90 N. Y. Supp. 1035) ; Miller *v.* Ins. Co., 41 Ill. App. 395; Phœnix Ins. Co. *v.* Adams, 127 S. W. (Ky.) 1008; Hall *v.* Ins. Co., 115 Tenn. 513 (112 Am. St. R. 870, 92 S. W. 402, 5 Ann. Cas. 777) ; Metropolitan Casualty Ins. Co. *v.* Bergheim, 21 Colo. App. 527, 122 Pac. 812; Caballero *v.* Ins. Co., 15 La. Ann. 217; 4 Joyce, Ins. § 2586; note to Wheeler *v.* Phœnix Ins. Co., 38 L. R. A. (N. S.) 476; 14 Ruling Case Law, 1218, sec. 398; Civil Code (1910), § 2476; City Fire Ins. Co. *v.* Corliss, 21 Wend. 374 (34 An. Dec. 258) ; Greenwald *v.* Ins. Co., 3 Phila. 323.

*McElreath & Scott,* contra, cited: Civil Code (1910), § 2476; 4 Joyce Ins, (2d. ed.), §§ 2585, 2592; *Ins. Co. of North America* **v.** *Leader,* 121 *Ga.* 260, 266.

LUKE, J.  Bell brought suit in the municipal court of Atlanta against the insurance company, alleging:  that the defendant had issued a fire insurance policy on a certain building; that after the issuance of the policy a great conflagration broke out in the city of Atlanta, which spread over a vast area and threatened to destroy the whole city; that the fire became so great as to get beyond the control of the fire department of the city, and, in order to stop the conflagration and prevent its further progress, it became necessary for the fire department to resort to the use of dynamite to blow up the buildings in the path of the fire and prevent the total destruction of all buildings beyond those so blown up, and in the execution of this necessary plan the fire department placed a charge of dynamite in a building near the house of the plaintiff, and between the said house and the approaching conflagration; that the explosion of said charge of dynamite produced such a concussion in and against said house so insured as to break window glasses and destroy plastering.  The plaintiff sought to recover the cost of repairing the damage.  The plaintiff obtained judgment for the amount sued for; certiorari was sued out by the defendant, the certiorari was overruled, and the defendant excepted.

The insurance company urges the following part of the insurance contract as a complete defense to the action, to wit:  "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning, but liability for direct damage by lightning may be assumed by specific agreement hereon."  The only question presented for consideration necessarily is whether the explosion in an adjoining building, in which the explosive was placed in the manner in which it was and for the purposes for which it was so placed, is such an explosion as it is expressly contracted that the company would not be liable for.  We have examined the authorities that may be used as precedents for holding that such an explosion as occurred in this case is specially excepted by the contract. We are convinced that the explosion contemplated in the contract

34

here is an explosion resultant from accident or from the fire itself. The Civil Code (1910), § 2476, provides that "A loss or injury may occur from fire without the actual burning of the articles or property; as, a house blown up to stop a conflagration, or goods removed in imminent danger, or damage by water used to extinguish the flames." The present contract of insurance must be construed in the light of this section. When the dynamite was placed under a near-by building with the intent of destroying it for the purpose of arresting the conflagration, and the charge was of sufficient force not only to blow the building up under which it was placed, but to injure other buildings, the liability of the insurance company extended to the other buildings, upon which it carried a policy of insurance, just the same as its liability would have arisen if the policy in this case had covered the building under which the charge of dynamite was so placed.

The judge of the superior court did not err in overruling the certiorari of the insurance company.

*Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*