## WESTCHESTER FIRE INSURANCE COMPANY v. BELL, administrator.

A policy issued to the owner of a described building insured him in a stated amount against all direct loss or damage by fire, except as provided in the policy, which might be sustained by the assured upon the building; it being further provided therein that the insurer should not be liable for loss caused directly or indirectly by explosion of any kind, unless fire ensues, and in that event for damage by fire only. *Held,* that a loss by the breaking of glass in the doors and windows, and by the destruction of plastering in the insured building, caused from concussion alone produced by explosion of dynamite employed by the fire department of a city in blowing up a neighboring building to prevent a farther spread of a conflagration which threatened to burn the injured building, fell within the exception stated in the policy, and the company was not liable therefor; and this is true notwithstanding the declaration in the Civil Code (1910), § 2476, that " A loss or injury may occur from fire without the actual burning of the articles or property; as, a house blown up to stop a conflagration."

No. 1825. FEBRUARY 21, 1921. REHEARING DENIED FEBRUARY 28, 1921.

Certiorari; from Court of Appeals. 24 *Ga. App.* 528.

*King & Spalding,* for plaintiff in error.

*McElreath & Scott,* contra.

FISH, C. J.  Bell brought suit against the Westchester Fire Insurance Company, in the municipal court of Atlanta, upon a policy of insurance issued by the defendant. The case was tried by the court without a jury, upon an agreed statement of facts; and judgment was rendered against the defendant; it was taken by certiorari to the superior court, where the judgment of the trial court was affirmed. Upon writ of error to the Court of Appeals there was an affirmance of the ruling of the superior court. 24 *Ga. App.* 528

(101 S. E. 590). The case is here on certiorari to the Court of Appeals.

The policy was on the building known as 670 North Boulevard in the City of Atlanta. While it was in force ? conflagration occurred in the city, which became so great that the fire department, in order to prevent its farther progress, resorted to the use of dynamite to blow up the buildings in the path of the fire, the purpose being to thus stop the progress of the conflagration, and to prevent its extending beyond the buildings thus dynamited. A building approximately 150 feet distant from No. 670 was for such purpose dynamited, but no part thereof was burned, but the concussion of the air resulting from the explosion caused by the dynamite broke many glasses in the doors and windows and destroyed plastering in No. 670,—the insured building, which was not ignited by fire. Due proof of such loss was made by the plaintiff. The question whether the insurance company would have been liable under the policy, in view of the general law of insurance, or under the Civil Code (1910), § 2476, providing that " A loss or injury may occur from fire without the actual burning of the articles or property; as, a house blown up to stop a conflagration," had there been no excepting clause in the policy, is of course not here for decision. The only question presented for determination is whether or not the loss claimed is covered by the policy in suit, or excepted therefrom.

It is clear to us that the loss was not covered by the policy, but fell squarely within the exception set out therein. The policy insured " against all direct loss or damage by fire, except as provided in the policy, which might be sustained by the assured upon " the building known as No. 670, etc. The exception is that the company " shall not be liable' for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for damage by fire only) by explosion of any kind, or lightning, but liability for direct damage by lightning may be assumed by specific agreement hereon." The exception expressly states that the company shall not be liable for loss caused directly or indirectly by explosion of any kind, unless fire ensues, and, in

that event, for damage by fire only. This language is explicit and unequivocal. The use of the expression "explosion of any kind" indicates that explosions of more than one kind were contemplated; and the obvious meaning of the exception is that the company shall not be liable for loss caused directly or indirectly by any kind of an explosion whatsoever, unless fire ensues from the explosion, and in that event the company shall be liable for damages caused by the fire only, and not by the explosion. The provision of our Civil Code, § 2476, which, in effect, declares that a house blown up to stop a conflagration may be considered a loss by fire, if applicable to the facts of this case, can not be considered a part of the contract of insurance under the policy here involved, for the conclusive reason that the language embodied in the exception in the policy necessarily excludes the provisions of the code section from the contract made by the policy. The exception was doubtless inserted in the policy with the specific intention of preventing such code section, and similar statutes of other States, as well as the general law of insurance as pronounced by some courts, from becoming a part of the policy. The code section not requiring expressly, or even impliedly, that its provisions shall become and constitute a part of every policy of fire insurance executed in this State, the parties to such a contract of insurance had a right to avoid its application by an express stipulation in the policy which necessarily excluded it. Nor do we see how the contract of insurance entered into voluntarily and knowingly by the parties thereto, and which necessarily eliminates therefrom a provision of the code that the blowing up of a house to prevent a conflagration may be a fire loss, contravenes public policy.

The question whether a loss of the character of that in this case falls within an exception in a policy similar to the one here involved has been before many courts of last resort; and the overwhelming weight of authority is to the effect that such a loss falls within the exception, and that the company is not liable. See United States Life &c. Co. v. Foote, 22 Ohio St. 340 (10 Am. R. 735); Transatlantic Fire Ins. Co. v. Dorsey, 56 Md. 70 (40 Am. R. 403); Briggs v. Ins. Co., 53 N. Y. 446, 449; Mitchell v. Potomac Ins. Co., 183 U. S., 42 (22 Sup. Ct. 22, 46 L. ed. 74); Washburn v. Western Ins. Co., 29 Fed. Cas. No. 17,216; Phœnix Ins. Co. v. Greer, 61 Ark. 509 (33 S. W. 840); Heuer v. Winchester Fire Ins. Co., 151 Ill.

331 (37 N. E. 873), affirming 44 Ill. App. 429; Miller *v.* London etc. Fire Ins. Co., 41 Ill. App. 395; Cabellero *v.* Home Mutual Ins. Co., 15 La. Ann. 217; Hustace *v.* Phenix Ins. Co., 175 N. Y. 292 (67 N. E. 592, 62 L. R. A. 651), reversing 71 N. Y. App. Div. 309 (75 N. Y. Supp. 568); German Fire Ins. Co. *v.* Roost, 55 Ohio St. 581 (45 N. E. 1097, 36 L. R. A. 236, 60 Am. St. R. 711); Smiley *v.* Citizens Fire &c. Ins. Co., 14 W. Va. 33; Insurance Co. *v.* Tweed, 74 U. S. 44 (19 L. ed. 65); Commercial Ins. Co. *v.* Robinson, 64 Ill. 265 (16 Am. R. 557); Dows *v.* Faneuil Hall Ins. Co., 127 Mass. 346 (34 Am. R. 384); Hall *v.* National Fire Ins. Co., 115 Tenn. 513 (92 S. W. 402, 112 Am. St. R. 870, 5 Ann. Cas. 779); Everett *v.* London Assur., 19 C. B. N. S., 126; Ross *v.* Liverpool &c. Ins. Co., 83 N. J. L. 342 (84 Atl. (1050); Eppens *v.* Hartford Fire Ins. Co., 99 App. Div. 221 (90 N. Y. Supp. 1035); Phœnix Ins. Co. *v.* Adams (Ky.), 127 S. W. 1008; Metropolitan Casualty Ins. Co. *v.* Bergheim, 21 Colo. App. 527 (122 Pac. 812).

*Judgment reversed. All the Justices concur, except*

BECK, P. J., and ATKINSON, J., dissenting. The statute (Civil Code, § 2476) referred to in the opinion of the majority defines "loss by fire," and makes it include loss by explosion of dynamite when done to stop a conflagration. Under this definition, a loss is "by fire" whether caused by actual flames or from explosion of dynamite made to stop a conflagration. The contract of insurance must be construed in connection with the statute, which becomes a part of the contract. The explosion of dynamite to stop the conflagration was intentional, and was done for the benefit of both the insurer and insured. That is not the kind of explosion contemplated by the exception in the policy of insurance. It had reference to accidental explosions or explosion from other causes, such as might result from negligence or wrong-doing, or other cause than voluntary act where necessary and done to stop a conflagration. Applying the contract as embodying the statute, if dynamite is exploded to prevent a conflagration, and a window in a neighboring building be broken by the concussion, the loss would be as much a direct loss by fire, within the meaning of the contract, as if a burning coal blowing from a conflagration should touch the window and cause it to break from the heat. If the contract, as embodied in the policy of insurance, should be literally or strictly

construed without reference to the statute, a different result would be required: but the statute is by operation of law written into the contract, and its provisions are not excluded expressly or by necessary implication by the language of the policy. The decisions cited by the majority did not involve cases in which statutes similar to the code provision, supra, entered into the contract.