154

# ALLIED AMERICAN MUT. FIRE INS. CO. v. WESCO PAVING CO.—243 S. W. (2d) 141.

Eastern Section. May 30, 1951.

Petition for Certiorari denied by Supreme Court, October 9, 1951.

Frazier, Roberts & Weill, of Chattanooga, for plaintiff in error.

Miller, Martin, Hitching & Tipton, of Chattanooga, for defendant in error.

HALE, J. The Wesco Paving Company, herein called the insured, sued the Allied American Mutual Fire Insurance Company, herein called the insurer, upon a policy insuring against "loss caused by fire". Liability was resisted, the insurer asserting the loss was caused by an explosion. Trial by jury resulted in a verdict for the insured, which was approved by the trial judge. The insurer has perfected this appeal, insisting there was no evidence to support the verdict.

The property in question was a tank truck used in transporting asphalt. It is conceded that this truck was covered by this policy; that it was destroyed; and that its value was as fixed by the jury, $1,430. The only question is: was it destroyed by fire within the coverage of the policy?

On this truck was a 3,500 gallon tank into which would be pumped the asphalt from a railway tank car. To do this it was necessary to heat the asphalt by means of a "booster" to a temperature of about 330 degrees. There was used a 4″ metal hose to carry the contents of the tank car to the truck, the hose going into the top of the truck through a 6″ hole. On the day before the occurrence in question this tank truck had been used to transport what is known in the trade as "cutback" which is more inflammable than asphalt and it is shown that the only way to completely drain the truck was to place it in an almost perpendicular position, in that the bottom of the drain valve was a little higher than the bottom of the truck.

Perhaps it is a fair inference that a small amount of this more inflammable liquid remained in the truck.

While this operation was being conducted the man in charge, Lowery Berry, went up on top of the truck and looked down the hole by the side of the hose, and "just as I looked down in there I saw a blue flame playing from left to the right and I started to straighten up and it exploded before I had time to get straight." This explosion destroyed the truck in question. There was no fire after the explosion. There is no evidence as to how long this flame had existed prior to the explosion. Perhaps the probabilities are that the explosion immediately followed the ignition, although there is no evidence on this point. Nor is there any direct evidence as to the cause of the fire. Berry was not smoking, the only light was from an electric bulb about 20 feet distant, and the "booster", heated by a kerosene blower type burner, was 7 or 8 feet distant and completely enclosed except for a hole about an inch in diameter. The probabilities are that the gases diffused by the more volatile "cutback" left in the tank had a causal connection with the fire. It is shown that asphalt will burn.

At any rate, regardless of cause, there was a fire (whether of short or long duration) which preceded the explosion and was the efficient cause thereof. Had there been no fire, there would have been no explosion, and, consequently, no damage to the property insured.

The policy in question does not exclude liability from explosions caused by fires. However, the insured could have purchased comprehensive coverage, at a higher premium, which is as follows:

"To Pay for any loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the

automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset.''

From this it is very ably and ingeniously argued that explosions from any source were not in contemplation of the parties under the contract to pay loss by fire. This argument is more specious than sound. The insurance purchased by the insured was against loss caused by (a) ''fire, lightning and transportation'', and (b) ''theft''. Hence, it would be folly to argue that as *fire* and *theft* liability could have been purchased under the comprehensive clause, such was not in contemplation of the parties even though specifically provided for.

 Therefore, there is presented this question of law: Is the insurer liable for damages caused by an explosion which is a mere incident of a preceding fire? This is answered in the affirmative by the decisions of our Supreme Court. In Hall & Hawkins v. National Fire Insurance Co., 115 Tenn. 513, at page 517 et seq., 92 S. W. 402, at page 402 it was said:

''The weight of the authority is to the effect that where the fire occurs in the property insured, and an explosion takes place therein during the progress of the fire, the effects of which are covered by the policy, and such explosion is a mere incident of the preceding fire, the latter is treated as the efficient cause, and the whole loss is within the risk insured, although the policy in terms excludes liability for loss by explosion. Mitchell Potomac Ins. Co., 183 U. S. 51, 52, 53, 22 S. Ct. 22, 46 L. Ed. 74; Waters v. [Merchants' Louisville] Ins. Co., 11 Pet. 213, 218, 9 L. Ed. 691; Amer. Steam Boiler Ins. Co. v. Chicago

Sugar Refining Co., 6 C. C. A. 336, 57 F. 294, 21 L. R. A. 572; Washburn v. Farmer's Ins. Co., C. C., 2 F. 304; Washburn v. Miami Valley Ins. Co., C. C., 2 F. 633; Washburn v. [Western] Ins. Co., Fed. Cas. No. 17,216; Washburn v. [Pennsylvania] Ins. Co., Fed. Cas. No. 17,212; Renshaw v. [Fireman's]Ins. Co., 33 Mo. App. 394; Renshaw v. [Missouri State Mutual Fire] Ins. Co., 103 Mo. 595, 15 S. W. 945, 23 Am. St. Rep. 910; [Transatlantic Fire] Ins. Co. [of Hamburg, Germany] v. Dorsey, 56 Md. 70, 40 Am. Rep. 403; [United Life, Fire & Marine] Ins. Co. v. Foote, 22 Ohio St. 340, 348, 10 Am. Rep. 735; Scripture v. Lowell Mut. Fire Ins. Co., 10 Cush. (Mass.) [356] 357; La Force v. Williams City F. Ins. Co., 43 Mo. App. 518. And see Lynn Gas & Elec. Co. v. Meriden Fire Ins. Co., 158 Mass. 570, 33 N. E. 690, 20 L. R. A. 297.

"In May on Insurance it is said: 'Where the policy excluded liability "for loss by lightning or explosion of any kind, unless fire ensues, and then for damages by fire only," it was held, in a case where it appeared that vapor evolved from material in process of manufacture, coming in contact with a burning lamp, exploded, tearing off the roof, shattering the walls, and damaging the machinery, upon which a fire supervened, that the insurers were liable for the damage done by fire, but not for that done by the explosion. If, under such a policy, fire precedes the explosion, the entire loss is to be attributed to the fire, though the explosion is destructive.' [Id.] Volume 2 (4th Ed.) p. 956. In a note upon the same page it is said: 'If a fire occurs by a cause within the policy, and an explosion takes place as an incident to the fire, so as to increase the loss, the whole damage is within the policy, although it contains an exemption

from liability for the explosion'—citing Insurance Co. v. Dorsey, supra.

"In Clement on Insurance it is said: 'When explosions or explosive effects occur after the commencement of a fire, or during its progress, and as an incident of a fire or a result of it, the whole loss is a loss by fire within the meaning and protection of the policy, notwithstanding the destructive effects of the explosion. It is ordinarily a question of fact. If the explosion precedes the fire, the company is liable for the damage by fire only and not for that caused by the explosion.' [Id.] Page 123.

"In Elliott on Insurance it is said: 'The standard form provides for liability for damage occasioned by fire which results from an explosion, and exempts the insurer from liability for damages caused by the explosion itself. The loss by explosion must be distinguished from that caused by the subsequent fire. Under this provision the insurer is liable for the loss when the explosion is the result of an antecedent fire.' [Id.] Page 212.

"In Joyce on Insurance it is said: 'Insurers are liable upon a policy which contains a condition of this nature (i. e., excepting liability for damages by explosions of any kind) where fire originates in the insured premises and the fire produces an explosion which destroys the property. The entire loss in such a case is held to be a loss by fire.' [Id.] Volume 3, p. 2532, par. 2593.

"Again, this author says: 'If the combustion and explosion are inseparably connected, if a combustible substance in the process of combustion produces explosion also, and fire is the agent throughout, and there is a loss by both fire and explosion, it is held that the whole damage is covered by a policy insuring against loss by fire.' [Id.] p. 2707, par. 2771.''

And in Maness v. Life & Casualty Ins. Co., 161 Tenn. 41, at page 43, 28 S. W. (2d) 339, the Court, speaking through Chief Justice Green, said: "To justify recovery on a policy of insurance, it is not necessary that the peril insured against be the cause of the loss in the sense that it is the nearest cause in point of time or place. If the peril insured against be the efficient, predominating cause of the loss, it is regarded as the proximate cause thereof, although the result was brought about by train of events set in motion by the particular peril and operating with reasonable certainty to occasion the loss."

In an annotation to Westchester Fire Ins. Co. v. Bell, 151 Ga. 191, 106 S. E. 186, 13 A. L. R. 880, at page 883 it was said: "It is held by the weight of authority that an insurer, under a policy insuring against loss by fire, is liable for damage to the insured property by an explosion which was an incident of a fire or caused thereby, it being considered under such circumstances that the entire loss is a loss by fire; * * *" A great number of cases, including Hall & Hawkins v. National Fire Ins. Co., supra, are cited and discussed.

In the case of Wheeler v. Phenix Ins. Co. of Brooklyn, 203 N. Y. 283, 96 N. E. 452, 454, 38 L. R. A., N. S., 474, at page 479, the Court said: "This form of fire insurance policy and the construction which we have given to it is not new. It has frequently been considered by the courts and text-writers upon the subject, who have quite uniformly reached the conclusion that when a negligent or hostile fire exists within the insured premises, and an explosion results therefrom under such circumstances as to constitute the fire the proximate cause of the loss and the explosion merely incidental, the company becomes liable upon its policy for the loss resulting therefrom."

This question of "hostile", as distinguished from "friendly", fires (such as open gas jets, etc.,) is not involved herein, as the evidence shows the fire did not originate from a "friendly" source.

45 C. J. S., Insurance, Section 818, page 867, says: "The exception of loss by explosion of any kind ordinarily exempts insurer from liability for loss caused, either directly or indirectly, by an explosion, including an explosion caused by a match or light or other *friendly* fire; and this rule applies, even though, under the terms of the policy, insured is authorized to keep explosives on the premises. Where, however, the explosion is caused by a preceding hostile fire during its progress in the insured premises, insurer is liable both for the loss caused by the fire and also that caused by the explosion, since the fire is the proximate cause of the whole loss and the explosion is a mere incident, but an insurance company ordinarily is not liable for loss caused by an explosion in other premises, even though such explosion is caused by fire." (Emphasis supplied.)

29 Am. Jur., Insurance, Sec. 1020, pp. 770, 771, says: "It is held by nearly all cases that an insurer, under a policy insuring against loss by fire, is liable for damage to the insured property by an explosion which was an incident of a fire, or caused thereby, it being considered under such circumstances that the entire loss is a loss by fire. This rule is applied in cases involving policies containing exceptions against losses from explosions, as well as in those containing no such provisions. If the combustion and explosion are inseparably connected, as where a combustible substance in the process of combustion produces explosions also, and fire is the agent throughout, and there is a loss both by fire and explosion, it is held that the whole damage is covered by a policy

insuring against loss by fire. But is generally held that in order for the insurer to be liable for loss by an explosion preceded by a fire, the fire causing the explosion must be such as would naturally have resulted at least in the partial destruction of the property; and a lighted match, cigar, lamp, gas jet, and similar flames, from which an explosion has resulted, are insufficient to charge the insurer. It is equally clear that the fire must have been the active agent in, and proximate cause of, the loss by explosion, in order to render an insurer against fire liable therefor in the absence of a more definite or express assumption of such risk. Accordingly, in the absence of any provision on the subject, a policy insuring against fire does not cover damage done by an explosion without any ignition.''

The line of authorities cited and relied upon by the insurer relate to policies where explosions are excepted. They need not be considered for the very simple reason that the policy involved in this suit does not contain any such exclusion.

Great stress is laid upon the holding of the Supreme Court of Arkansas in Mercury Ins. Co. v. McClellan and McKinney, 216 Ark. 410, 225 S. W. (2d) 931, 14 A. L. R. (2d) 806. The determinative question was whether loss by tornado was included in a coverage against damage from ''collision or upset'', where vehicles of the insured were damaged by falling walls and were overturned and thrown against a tree. It was pointed out that comprehensive coverage could have been obtained; that the losses were not the result of ''collision'' or ''upset'' within the meaning of the policy.

We do not think this holding has any application to the case at bar. Here the insurer was protected by loss from ''fire''. The fact that it could have purchased

more extensive coverage should not operate to deprive it of its rights under the clause in question.

Able counsel for defendant in error have cited a large number of cases dealing with this question. It would unduly prolong this opinion to discuss them, inasmuch as they are in harmony with the principles hereinbefore announced.

The judgment below is affirmed, with interest and cost against plaintiff in error and surety upon appeal bond.

Affirmed.